

# THE ATTORNEY GENERAL
## OF TEXAS

July 5, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Jerry Cobb
Criminal District Attorney
5th Floor Carroll Courts Bldg.
P. O. Box 2344
Denton, Texas   76201-2899

Opinion No.   JM-929

Re: Eligibility of certain
former district judges for
assignment (RQ-1429)

Dear Mr. Cobb:

You ask about the eligibility of certain former district judges to sit by special assignment. The presiding judge of an administrative judicial region is authorized to assign judges to try cases and dispose of accumulated business. Gov't Code § 74.056(a). Section 74.054 of the Government Code sets out the judges who are eligible for assignment by the presiding judge. Eligible judges include

> a former district judge or retired or former statutory county court judge who certifies to the presiding judge a willingness to serve and to comply with the prohibitions relating to the practice of law imposed on a retired judge by Section 44.005, Title 110B, Revised Statutes, and who is on the list maintained by the presiding judge as required by this chapter.

Gov't Code § 74.054(a)(3).

Your specific question is about section 74.055 of the Government Code, which requires the presiding judge to keep a list of judges subject to assignment and sets out qualifications for judges who are eligible to sit by assignment. One of the necessary qualifications is that the judge have served as a judge for at least four years in a district, statutory, or appellate court. You ask about the interpretation of an exception to that four-year requirement enacted by the 70th Legislature. Before we address your specific question, however, it is necessary to review the statutory history of section 74.055 in order to clarify what version of section 74.055 is to be given effect.

The statutes permitting the presiding judge of an administrative judicial region to make special assignments were enacted in 1985 as part of the Court Administration Act. Acts 1985, 69th Leg., ch. 732, § 2, at 2534. The Court Administration Act was initially codified as article 200a-1, V.T.C.S. The provisions that are now in section 74.055 of the Government Code were originally enacted as section 4.015 of article 200a-1.

Three bills enacted by the 70th Legislature purported to affect section 4.015 of article 200a-1. One of those was an omnibus bill conforming the Judicial Title of the Government Code to changes in the law and nonsubstantively recodifying certain statutes, including article 200a-1. Acts 1987, 70th Leg., ch. 148, at 534 (effective September 1, 1987) (hereinafter "Chapter 148"); see id. § 5.01(a) (stating that Chapter 148 is a nonsubstantive codification). Chapter 148 repealed article 200a-1 in its entirety and recodified the substance of section 4.015 of article 200a-1 as section 74.055 of the Government Code.

A second bill also reenacted section 4.015 of article 200a-1 as section 74.055 of the Government Code. Acts 1987, 70th Leg., ch. 674, § 2.10, at 2507 (hereinafter "Chapter 674") (section 2.10 effective September 1, 1987). The reenactment of section 4.015 was, however, substantive. It added statutory county court judges to the judges eligible to sit by special assignment. Thus, the version of section 74.055 enacted by Chapter 148 is different from the version enacted by Chapter 674. Section 5.01(d) of Chapter 148 provides that any statute enacted by the 70th Legislature that conflicts with a provision of Chapter 148 prevails over the Chapter 148 provision. Therefore, section 74.055 as enacted by Chapter 674 prevails over section 74.055 as enacted by Chapter 148.

Chapter 674, like Chapter 148, contained a provision specifically repealing section 4.015 of article 200a-1. Id. § 2.14 (effective September 1, 1987). Nonetheless, a third bill purported to amend section 4.015 of article 200a-1 by adding subsection (d) to read as follows:

> A former district judge who has served as judge of more than one district court is not required to meet the four years of service requirement in Subsection (c)(1) to be eligible to be named on the list.

Acts 1987, 70th Leg., ch. 516, at 2128 (effective August 31, 1987)(hereinafter "Chapter 516"). There is no reference in

Honorable Jerry Cobb - Page 3 (JM-929)

Chapter 516 to the recodification of section 4.015 of article 200a-1; Chapter 516 refers only to section 4.015 of article 200a-1. Because Chapter 674 expressly repeals section 4.015 of article 200a-1 while Chapter 516 amends it, there appears to be a conflict between those two enactments.

Chapters 674 and 516 can, however, be easily harmonized. Gov't Code § 311.025(b) (providing that amendments to same statute enacted at same session should be harmonized). Chapter 674 did not eliminate the substance of section 4.015. It moved it to section 74.055 of the Government Code, and in doing so, added a category of judges eligible to sit by special assignment. Chapter 516 made another addition to the substance of section 4.015. Those amendments are not inconsistent in substance. The only inconsistency is one of statutory reference. Thus, the provision added by Chapter 516 should be given effect as part of section 74.055 of the Government Code, as enacted in Chapter 674.[1]

Your specific question is about the interpretation of the provision added to section 74.055 by Chapter 516. That provision makes an exception to the requirement that a judge must have four years of judicial experience to sit by assignment. The exception is for a "former district judge who has served as judge of more than one district court." You suggest that there are two possible interpretations of that language. You suggest that the exception could apply to a judge who has been elected or appointed to more than one district court judgeship or that it could apply to a judge who has exchanged benches or districts pursuant to section 24.303 of the Government Code. Section 24.303 allows judges in counties in which there are two or more district courts to exchange benches or districts from time to time.

---

1. A recent decision of the Texas Supreme Court presents a much more complex issue of statutory construction involving section 74.503 of the Government Code, which was the subject of several different enactments of the 70th Legislature. State v. Preslar, 31 Tex. Sup. Ct. J. 353 (April 27, 1988). The four concurring opinions in Preslar underscore the difficulty of harmonizing conflicting statutes adopted by the same session of the legislature.

The tape recordings of a hearing before the House Committee on Judicial Affairs make clear that Chapter 516 was enacted to allow one person, a judge in Galveston County, to sit by special assignment. Hearing on H.B. 636 before the House Comm. on Judicial Affairs 70th Leg. (March 11, 1987). The judge was appointed by Governor Briscoe to fill a vacancy in a district judgeship. He was then defeated in the subsequent election to fill the judgeship. Subsequently Governor Clements appointed him to fill a vacancy in a different district court. He chose not to run when the term expired. His total service was less than four years. Representative Hury stated in the committee meeting that it would be unlikely that anyone other than that one judge would meet the narrow criteria set out by Chapter 516. If every judge who ever exchanged a bench were eligible, given how common this practice is, the exception would swallow the rule. Therefore, it is clear that the legislature intended Chapter 516 to apply only to a judge who had been elected or appointed to more than one district judgeship. The legislature did not intend to allow any district judge who has exchanged benches pursuant to section 24.303 of the Government Code to be exempted from the requirement that a judge must have four years of judicial service to sit by special assignment.

## S U M M A R Y

Acts 1987, 70th Legislature, chaper 516, page 2128, adds an exception to the requirement that a judge must have four years of judicial experience to sit by special assignment. Gov't Code § 74.055. The exception is for a "former district judge who has served as judge of more than one district court," and it applies only to a judge who has been elected or appointed to more than one district court. It does not apply to district judges who have exchanged benches pursuant to section 24.303 of the Government Code.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General