COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-121-CR

 

 

CHARLES HIRSCH                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 16TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                            Introduction

Appellant Charles Hirsch appeals the trial court=s
judgment convicting him of online solicitation of a minor.  In three points, he asserts that the portion
of the judgment requiring him to register as a sex offender violates his
federal and state constitutional rights and that the trial court acted without
statutory authority in including such a requirement.  We affirm.








                                        Background
Facts

In August 2007, a Denton County grand jury
indicted appellant with two counts of online solicitation of a minor.  See Tex. Penal Code Ann. ' 33.021
(Vernon Supp. 2008).  The indictment
alleged that appellant committed the offenses on June 14 and 17, 2007.

On January 23, 2008, appellant filed an objection
to the trial court=s prospective imposition of any
sex offender registration requirement upon his conviction for the two charges.  After the trial court denied his objection,
appellant pled guilty to the charges according to a plea bargain with the
State. The trial court convicted appellant, sentenced him to 180 days=
confinement, and ordered that he register as a sex offender.  Appellant preserved his right to appeal the
court=s ruling
on his objection to the registration requirement.  See Tex. R. App. P.
25.2(a)(2)(A).  After filing a motion for
new trial, appellant timely filed his notice of this appeal.[1]








                                        Legislative
History

The parties agree that the principal issue in
this case is whether two bills passed in the same legislative session, each
relating to sex offender registration requirements, are reconcilable.  Thus, we will give a brief history of these
bills.

In the 2005 regular session, legislators passed House
Bill 2228, creating the online solicitation of a minor offense and requiring
anyone convicted of that offense to register as a sex offender.  See Act of May 25, 2005, 79th Leg.,
R.S., ch. 1273, ' 2, 2005 Tex. Gen. Laws 4049,
4050B51
(amended 2005) (current versions at Tex. Penal Code Ann. ' 33.021
and Tex. Code Crim. Proc. Ann. art. 62.001(5) (Vernon Supp. 2008)); see also
Senate Research Ctr., Bill Analysis, Tex. H.B. 2228, 79th Leg., R.S. (2005)
(explaining that the bill amended the penal code to Aallow
for the filing of charges against individuals who engage in conversations over
the Internet with the intent of meeting a minor for sexual activity@ and
that it also redefined Areportable conviction or
adjudication@ in the sex offender registration
statute).  To apply the sex offender
registration requirement to a conviction for online solicitation of a minor,
House Bill 2228 added a new subsection to the then-existing registration
statute; however, the bill included a recitation of the entire relevant
registration section:








SECTION 2.  Article 62.01(5), Code of Criminal Procedure,
is amended to read as follows:

 

(5)    AReportable conviction or adjudication@ means a conviction or
adjudication, regardless of the pendency of an appeal, that is:

 

(A)    a conviction for a violation of Section
21.11 (Indecency with a child), 22.011 (Sexual assault), 22.021 (Aggravated
sexual assault), or 25.02 (Prohibited sexual conduct), Penal Code;

 

(B)    a conviction for a violation of Section
43.05 (Compelling prostitution), 43.25 (Sexual performance by a child), or
43.26 (Possession or promotion of child pornography), Penal Code;

 

(C)    a conviction for a violation of Section
20.04(a)(4) (Aggravated kidnapping), Penal Code, if the defendant committed the
offense with intent to violate or abuse the victim sexually;

 

(D)    a conviction for a violation of Section
30.02 (Burglary), Penal Code, if the offense is punishable under Subsection (d)
of that section and the defendant committed the offense with intent to commit a
felony listed in Paragraph (A) or (C);

 

(E)    a conviction for a violation of Section
20.02 (Unlawful restraint), 20.03 (Kidnapping), or 20.04 (Aggravated
kidnapping), Penal Code, if the judgment in the case contains an affirmative
finding under Article 42.015;

 

(F)     the second conviction for a violation of
Section 21.08 (Indecent exposure), Penal Code;

 








(G)    a conviction for an attempt, conspiracy, or
solicitation, as defined by Chapter 15, Penal Code, to commit an offense listed
in Paragraph (A), (B), (C), (D), or (E);

 

(H)    an adjudication of delinquent conduct:

 

(i)     based on a violation of one of the offenses
listed in Paragraph (A), (B), (C), (D), [or] (G), or (N) or, if
the order in the hearing contains an affirmative finding that the victim or
intended victim was younger than 17 years of age, one of the offenses listed in
Paragraph (E); or

 

(ii)     for which two violations of the offense
listed in Paragraph (F) are shown;

 

(I)     a deferred adjudication for an offense
listed in:

 

(i)     Paragraph (A), (B), (C), (D), [or]
(G), or (N); or

 

(ii)     Paragraph (E) if the papers in the case
contain an affirmative finding that the victim or intended victim was younger
than 17 years of age;

 

(J)     a conviction under the laws of another
state, federal law, the laws of a foreign country, or the Uniform Code of
Military Justice for an offense containing elements that are substantially
similar to the elements of an offense listed under Paragraph (A), (B), (C),
(D), (E), [or] (G), or (N);

 

(K)    an adjudication of delinquent conduct under
the laws of another state, federal law, or the laws of a foreign country based
on a violation of an offense containing elements that are substantially similar
to the elements of an offense listed under Paragraph (A), (B), (C), (D), (E), [or]
(G), or (N);








(L)     the second conviction under the laws of
another state, federal law, the laws of a foreign country, or the Uniform Code
of Military Justice for an offense containing elements that are substantially
similar to the elements of the offense of indecent exposure; [or]

 

(M)    the second adjudication of delinquent
conduct under the laws of another state, federal law, or the laws of a foreign
country based on a violation of an offense containing elements that are
substantially similar to the elements of the offense of indecent exposure; or

 

(N)    a conviction for a violation of Section
33.021 (Online solicitation of a minor), Penal Code.

 

Act of May 25, 2005, 79th Leg., R.S., ch. 1273, ' 2, 2005
Tex. Gen. Laws 4049, 4050B51 (amended 2005).

In the same session, the legislature enacted
House Bill 867, which, in part, amended the same section of the registration
statute that the legislature had amended the previous day by passing House Bill
2228.  See Act of May 26, 2005,
79th Leg., R.S., ch. 1008, ' 1.01,
2005 Tex. Gen. Laws 3385, 3386B87
(amended 2007) (current version at Tex. Code Crim. Proc. Ann. art.
62.001(5)).  Unlike House Bill 2228,
House Bill 867 did not contain any reference to the inclusion of online
solicitation of a minor as an offense subject to registration requirements; it
also made several other changes to the registration statute not made by the
previous bill:








SECTION 1.01.  Chapter 62, Code of Criminal Procedure, is
reenacted and amended to read as follows:

 

. . . .

(5)    AReportable conviction or adjudication@ means a conviction or
adjudication, including an adjudication of delinquent conduct or a deferred
adjudication, [regardless of the pendency of an appeal,] that, regardless
of the pendency of an appeal, is a conviction for or an adjudication for
or based on:

 

(A)    [a conviction for] a violation of
Section 21.11 (Indecency with a child), 22.011 (Sexual assault), 22.021
(Aggravated sexual assault), or 25.02 (Prohibited sexual conduct), Penal Code;

 

(B)    [a conviction for] a violation of
Section 43.05 (Compelling prostitution), 43.25 (Sexual performance by a child),
or 43.26 (Possession or promotion of child pornography), Penal Code;

 

(C)    [a conviction for] a violation of
Section 20.04(a)(4) (Aggravated kidnapping), Penal Code, if the actor [defendant]
committed the offense or engaged in the conduct with intent to violate
or abuse the victim sexually;

 

(D)    [a conviction for] a violation of
Section 30.02 (Burglary), Penal Code, if the offense or conduct is
punishable under Subsection (d) of that section and the actor [defendant]
committed the offense or engaged in the conduct with intent to commit a
felony listed in Paragraph (A) or (C);

 

(E)    [a conviction for] a violation of
Section 20.02 (Unlawful restraint), 20.03 
(Kidnapping), or 20.04 (Aggravated kidnapping), Penal Code, if, as
applicable:

 








(i)     the judgment in the case contains an affirmative finding under
Article 42.015; or

 

(ii)     the order in the hearing or the papers in
the case contain an affirmative finding that the victim or intended victim was
younger than 17 years of age;

 

(F)     the second [conviction for a]
violation of Section 21.08 (Indecent exposure), Penal Code, but not if the
second violation results in a deferred adjudication;

 

(G)    [a conviction for] an attempt,
conspiracy, or solicitation, as defined by Chapter 15, Penal Code, to commit an
offense or engage in conduct listed in Paragraph (A), (B),  (C), (D), or (E);

 

(H)    [an adjudication of delinquent conduct:

 

[(i)    based on a violation of one of the offenses
listed in Paragraph (A), (B),  (C), (D),
or (G) or, if the order in the hearing contains an affirmative finding that the
victim or intended victim was younger than 17 years of age, one of the offenses
listed in Paragraph (E); or

 

[(ii)  for which two violations of the offense
listed in Paragraph (F) are shown;

 

[(I)    a deferred adjudication for an offense
listed in:

 

[(i)    Paragraph (A), (B), (C), (D), or (G); or

 

[(ii)    Paragraph (E) if the papers in the case
contain an affirmative finding that the victim or intended victim was younger
than 17 years of age;

 








[(J)]   a violation of [conviction under]
the laws of another state, federal law, the laws of a foreign country, or the
Uniform Code of Military Justice for or based on the violation of an
offense containing elements that are substantially similar to the elements of
an offense listed under Paragraph (A), (B), (C), (D), (E), or (G), but not
if the violation results in a deferred adjudication; or

 

(I) [(K) an adjudication
of delinquent conduct under the laws of another state, federal law, or the laws
of a foreign country based on a violation of an offense containing elements
that are substantially similar to the elements of an offense listed under
Paragraph (A), (B), (C), (D), (E), or (G);

 

[(L)]   the second violation of [conviction
under] the laws of another state, federal law, the laws of a foreign
country, or the Uniform Code of Military Justice for or based on the
violation of an offense containing elements that are substantially similar
to the elements of the offense of indecent exposure, but not if the second
violation results in a deferred adjudication[; or

 

[(M)   the second adjudication of delinquent conduct
under the laws of another state, federal law, or the laws of a foreign country
based on a violation of an offense containing elements that are substantially
similar to the elements of the offense of indecent exposure].

 








Id.  By
passing House Bill 867, the legislature aimed to reorganize Chapter 62 of the
code of criminal procedure,[2]
Astreamline,
simplify, and clarify@ its provisions, and make some
substantive changes.  See Senate
Research Ctr., Bill Analysis, Tex. H.B. 867, 79th Leg., R.S. (2005).

          The
Code Construction Act and Reconciliation of the Two Bills

In his first point, appellant asserts that
because the legislature passed House Bill 867 (which, as indicated above, did
not contain any reference to online solicitation of a minor as an offense
requiring sex offender registration) after it passed House Bill 2228 (which did
specifically contain such a reference), and because the two bills are allegedly
irreconcilable, House Bill 867 prevails; thus, no statutory authority existed
for the trial court=s imposition of the registration
requirement in this case.[3]

Standard of Review








When deciding issues related to statutory
construction, we apply a de novo standard of review, Aascertaining
and giving effect to the legislature=s intent
as expressed by the plain and common meaning of the statute=s words.@  See Wichita County v. Bonnin, 268
S.W.3d 811, 817 (Tex. App.CFort
Worth 2008, pet. denied); Molano v. State, 262 S.W.3d 554, 562 (Tex.
App.CCorpus
Christi 2008, no pet.); Palladian Bldg. Co. v. Nortex Found. Designs,
Inc., 165 S.W.3d 430, 436 (Tex. App.CFort
Worth 2005, no pet.).  AIt is a
question of law for the court to decide whether a particular remedy is
available under a statute.@  Molano, 262 S.W.3d at 562; see
State v. Vasilas, 187 S.W.3d 486, 488 (Tex. Crim. App. 2006).

Analysis

The Code Construction Act applies to the
legislative amendments detailed above.  See
Tex. Gov=t Code Ann. '' 311.001,
311.002(2) (Vernon 2005).  Section
311.025 of the Act states,

(a)     Except as provided by Section 311.031(d),[4]
if statutes enacted at the same or different sessions of the legislature are
irreconcilable, the statute latest in date of enactment prevails.

 

(b)    Except as provided by Section 311.031(d), if amendments to the
same statute are enacted at the same session of the legislature, one amendment
without reference to another, the amendments shall be harmonized, if possible,
so that effect may be given to each.  If
the amendments are irreconcilable, the latest in date of enactment prevails.

 








(c)     In determining whether amendments are
irreconcilable, text that is reenacted because of the requirement of Article
III, Section 36, of the Texas Constitution is not considered to be
irreconcilable with additions or omissions in the same text made by another
amendment.  Unless clearly indicated to
the contrary, an amendment that reenacts text in compliance with that
constitutional requirement does not indicate legislative intent that the
reenacted text prevail over changes in the same text made by another amendment,
regardless of the relative dates of enactment.

 

(d)    In this section, the date of enactment is
the date on which the last legislative vote is taken on the bill enacting the
statute.

 

(e)     If the journals or other legislative
records fail to disclose which of two or more bills in conflict is latest in
date of enactment, the date of enactment of the respective bills is considered
to be, in order of priority:

 

(1)    the date on which the last presiding officer
signed the bill;

 

(2)    the date on which the governor signed the
bill; or

 

(3)    the date on which the bill became law by
operation of law.

 








Tex. Gov=t Code Ann. ' 311.025
(Vernon 2005) (emphasis added). 
This section relates that we must attempt to give effect to both of
House Bills 867 and 2228; other portions of the Code Construction Act support
this same goal.  See id. '
311.021(2) (Vernon 2005); see also State v. Preslar, 751 S.W.2d 477, 481
(Tex. 1988) (orig. proceeding) (indicating that in determining whether bills
are reconcilable, courts may consider the object to be attained, the
circumstances under which the statute was enacted, and the legislative
history); R & R Contractors v. Torres, 88 S.W.3d 685, 702 (Tex. App.CCorpus
Christi 2002, no pet.) (explaining that there is a presumption that bills
affecting the same statute are reconcilable); Price v. State, 35 S.W.3d
136, 142 (Tex. App.CWaco 2000, pet. ref=d)
(stating that a court=s role in interpreting the
effects of amendments is to Alook for
and give effect to the [legislature=s]
intent@).

In Rhoades v. State, the appellant
contested his conviction for capital murder, asserting (among other arguments)
that two bills passed in the 1991 regular legislative session were
incompatible.  934 S.W.2d 113, 121 (Tex.
Crim. App. 1996).[5]  The bills both concerned substantive changes
to article 37.071 of the code of criminal procedure.  Id.; see Tex. Code Crim. Proc.
Ann. art. 37.071 (Vernon 2006).  The
Court of Criminal Appeals explained the changes made by both bills:

Senate Bill 880 amended
Article 37.071 so as to delete the special punishment issues concerning Adeliberateness@ and Aprovocation,@ while such a deletion
was not reflected in House Bill 9. 

 

. . .
.








House Bill 9 made a single substantive change to Article 37.071.  That change was the addition of Section One,
in which the State might elect to decline pursuit of a death sentence in a
capital case.  To indicate this change,
the Legislature was compelled to Are‑enact@ the entire statute as it was before
amendment.  Article 37.071 did not yet
contain the changes made by Senate Bill 880 because these changes were made
during the same legislative session and had not yet taken effect.  Hence, House Bill 9 does not contain the
changes made by Senate Bill 880.

 

Senate Bill 880 made more extensive amendments.  These changes essentially involved the
elimination of the Adeliberate@ and Aprovocation@ prongs of the jury
charge, and the addition of the mitigation finding.  To signify these changes, the Legislature was
required to Are‑enact@ the entire statute, as
it was before amendment.  House Bill 9
was not yet part of Article 37.071.

 

Rhoades, 934 S.W.2d at 121B22
(citation omitted).  The court then
relied on section 311.025 of the Code Construction Act to hold that although
each bill made substantive changes the other did not, they were still
reconcilable.  Id. at 122.








Appellant contends that, unlike in Rhoades, section 311.025(c)
does not apply to this case because the text in House Bill 2228 was not Areenacted because of the
requirement of Article III, Section 36, of the Texas Constitution,@ as the section requires.[6]  Tex. Gov=t Code Ann. ' 311.025(c). 
    House Bill 2228 reenacted
the registration statute though it did not contain the word Areenact@

 








First, appellant reasons that House Bill 2228 was
not reenacted in accordance with the constitutional requirement because the
language in House Bill 2228 does not include the term Areenacted,@ as
House Bill 867 does, signaling the legislature=s
intention only to amend the statute rather than to reenact it.  However, the court in Rhoades applied
section 311.025(c) although neither of the bills it considered contained any
language regarding reenactment; rather, like House Bill 2228, the bills merely
stated that they Aamended [the statute] to read as
follows.@  Act of May 27, 1991, 72nd Leg., R.S., ch.
652, ' 9, 1991
Tex. Gen. Laws 2394, 2395B96 (amended 1993) (current
version at Tex. Code Crim. Proc. Ann. art. 37.071); Act of May 17, 1991, 72nd
Leg., R.S., ch. 838, ' 1, 1991 Tex. Gen. Laws 2898,
2898B2900
(amended 1991) (current version at Tex. Code Crim. Proc. Ann. art. 37.071); see
Rhoades, 934 S.W.2d at 121B22.  Like House Bill 2228, the bills in Rhoades
did, however, set forth the full statute, including the changed portions,
at length.  Act of May 27, 1991, 72nd
Leg., R.S., ch. 652, ' 9, 1991 Tex. Gen. Laws 2394,
2395B96
(amended 1993); Act of May 17, 1991, 72nd Leg., R.S., ch. 838, ' 1, 1991
Tex. Gen. Laws 2898, 2898B2900 (amended 1991).[7]

We conclude and hold, therefore, that when the
legislature recites a statute at full length while amending it, it Areenacts@ the
statute, regardless of the terminology it uses to do so.[8]  See also Tex. Fid. & Bonding Co. v.
City of Austin, 112 Tex. 229, 236, 246 S.W. 1026, 1029 (1922) (indicating
that a statute may be reenacted Aby
amendment@).  Thus, we hold that House Bill 2228 reenacted
the registration section by including the entire section within the bill.

House
Bill 2228 reenacted the registration section because of the constitutional
requirement

 








 Second,
appellant contends that even if House Bill 2228 did reenact the relevant
registration section, that reenactment was not Abecause
of the requirement of Article III, Section 36, of the Texas Constitution.@  See Tex. Gov=t Code
Ann. '
311.025(c).  Article III, section 36
provides, ANo law shall be revived or
amended by reference to its title; but in such case the act revived, or the
section or sections amended, shall be re‑enacted and published at length.@  Tex. Const. art. III, ' 36; see
Baggett v. State, 673 S.W.2d 908, 911B12 (Tex.
App.CBeaumont
1984, no pet.) (noting that the intent of this constitutional provision is Ato
prohibit the practice of amending a statute by referring to its title and then
providing that it should be amended by striking out or deleting certain words
and phrases and then inserting new words and phrases@).

Appellant cites Henderson v. City of Galveston
for the proposition that when House Bill 2228 only added a new subsection to
the registration statute to include online solicitation of a minor as an
offense requiring registration, without making any other changes, no
reenactment of the registration statute was constitutionally required.  102 Tex. 163, 114 S.W. 108 (1908).  However, Henderson supports the
opposite conclusion.








In Henderson, the Texas Supreme Court
considered whether the legislature=s act
allowing Galveston to regulate its businesses= sale of
alcohol complied with article III, section 36 when it only contained the
language amending Galveston=s
charter, rather than a full recitation of the charter incorporating the
amending language.  Id. at 165,
169, 114 S.W. at 109, 111.  The supreme
court held that the act violated the constitution because the charter was Anot
reenacted in the amendatory act; the amendment being accomplished by the
addition of a distinct provision.@  Id. at 169, 114 S.W. at 111.  The court explained,

By its very terms [the
act] undertakes to amend [the charter], and that section as amended is not re‑enacted,
and of course cannot be published at length in the new statute.  Nor is there anything in the nature of the
provision to take it out of the operation of the Constitution.  It is not only named an amendment, but it is
such in its character.  It adds a
provision to the existing section, and this, according to all authority,
judicial or parliamentary, of which we know anything, is an amendment.

 

Id. at 169, 114 S.W. at 111 (emphasis added).  The court then distinguished the constitutional
applicability of the act at issue in Henderson from one that has








declared fully its
provisions without direct reference to any other act, although its effect
should be to enlarge or restrict the operation of some other statutes . . . [,]
an independent statute, complete within itself, not adopted as an amendment of,
and adding nothing to, and taking nothing from, the language of any other.  That form of legislation does not fall within
the purview of the constitutional provision, as has been held by every court
that has considered the question, because that provision applies only to
attempts to amend or revive.  But when
the Legislature in enacting new legislation adopts the mode of amending
existing laws, the Constitution speaks and prescribes a rule that must be
followed.  That was the mode
expressly adopted here, and the amendment was attempted by >adding to= the existing section. .
. . [N]o authority cited, and none that we know of, has held that a section of
a statute may be amended by adding words to it, without re‑enacting the
entire section as amended, and such a holding would be condemned by the plain
words of the Constitution.

 

Id. at 169B70, 114 S.W. at 111B12.

 








As set forth above, House Bill 2228 did not
create an entirely new section in the code of criminal procedure; instead, it
amended an existing section by adding a new subsection,[9]
while reenacting that entire section. 
Based on the rationale expressed in Henderson, this reenactment
was constitutionally required.  See
id. at 169B70, 114 S.W. at 111B12; see
also Rhoades, 934 S.W.2d at 121 (expressing that the purpose of article
III, section 36 is for Aamended statutes to be re‑enacted
and published so that their meaning may be known without the necessity of
examining the statute amended@)
(emphasis added).  Therefore, we conclude
that section 311.025(c), relating to text reenacted Abecause
of the requirement of . . . the Texas Constitution,@ applies
to House Bills 2228 and 867.  See Tex.
Gov=t Code
Ann. '
311.025(c).

Because section 311.025(c) applies to House Bills
2228 and 867, the bills are not irreconcilable, and they are both therefore
effective  








In applying the Code Construction Act, on the
basis of the language contained in section 311.025(c), we conclude that the
reenacted portions of House Bill 2228, subsections (5)(A)B(M) (as
cited above), are not incompatible with the expressly different corresponding
portions of subsequently-enacted House Bill 867.  See id.  And relying on that section as well as
subsection (b) of the same statute, we further conclude that the addition made
by House Bill 2228 to the registration statute (inserting online solicitation
of a minor as an offense requiring registration) is not irreconcilable with the
mere omission of that addition from the same text in House Bill 867.  See id. '
311.025(b), (c).  Effect may be given to
each of the two bills relevant to this case, because although House Bill 867
did not include online solicitation of a minor as an offense requiring
registration, nothing in the bill conflicted either expressly or impliedly with
House Bill 2228=s inclusion of that offense as
being subject to the registration requirement. 
See id. ' 311.025(b) (stating that Aamendments
shall be harmonized, if possible, so that effect may be given to each@);
cf. Saunders v. State, 49 S.W.3d 536, 539 (Tex. App.CEastland
2001, pet. ref=d) (holding that two statutes
expressly differing on whether a deaf juror could be accompanied by an
interpreter during deliberations were irreconcilable).

Our conclusion is strengthened by our
consideration of the legislature=s
intent.  See Preslar, 751 S.W.2d
at 481; Price, 35 S.W.3d at 142. 
Appellant=s position, that the
registration requirement for the online solicitation of a minor offense, as
added by House Bill 2228, was totally negated by House Bill 867 (passed the
next day), would render a portion of House Bill 2228 completely null, because
adding online solicitation to the list of reportable offenses was the only
change made by House Bill 2228 to the registration section.  See Act of May 25, 2005, 79th Leg.,
R.S., ch. 1273, ' 2, 2005 Tex. Gen. Laws 4049,
4050B51
(amended 2005).  We cannot conclude that
the legislature intended such a futile action. 
See Hunter v. Fort Worth Capital Corp., 620 S.W.2d 547, 551 (Tex.
1981) (citing the Arule of statutory construction
that the legislature is never presumed to do a useless act@); Ex
parte Tucker, 977 S.W.2d 713, 716B17 (Tex.
App.CFort
Worth 1998) (AWe will not presume that the
Legislature did a useless or vain thing by enacting language that was mere
surplusage or that was not intended to be effective.@), pet.
dism=d, 3
S.W.3d 576 (Tex. Crim. App. 1999).








For these reasons, we conclude that through House
Bill 2228, the legislature validly amended the sex offender registration
statute to apply to the online solicitation of a minor offense.  Because House Bill 2228 became effective in
2005, and because appellant committed his offenses in 2007, the trial court
acted according to the statute when it included the registration requirement in
its judgment.  Thus, we overrule
appellant=s first point.

                               Appellant=s
Constitutional Points

In his second and third points, appellant asserts
violations of his federal and state constitutional rights.  These alleged violations are dependent upon
his argument that there was no statutory authority for the trial court=s
imposition of the registration requirement.[10]  Because we hold that the trial court acted
with statutory authority, we overrule appellant=s second
and third points.

                                             Conclusion

Having overruled all of appellant=s
points, we affirm the trial court=s
judgment.

 

TERRIE
LIVINGSTON

JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON
and GARDNER, JJ.

PUBLISH

 

DELIVERED:  March 19, 2009











[1]Appellant concedes that
he committed the offenses as charged in the State=s indictment.  He does not appeal his convictions; rather,
he asserts that the portion of the trial court=s judgment that includes
the registration requirement is void.





[2]For instance, House Bill
867 renumbered the section of the code of criminal procedure relevant to this
appeal from 62.01(5) (as indicated by House Bill 2228) to 62.001(5).





[3]The legislature again
amended the registration section relevant to this appeal in 2007, before
appellant=s conviction but after he
committed his offenses.  See Act
of May 18, 2007, 80th Leg., R.S., ch. 593, '' 3.22, 4.01, 2007 Tex. Gen. Laws 1136, 1136B37, 1148 (current version
at Tex. Code Crim. Proc. Ann. art. 62.001(5)). 
This amendment also incorporated the online solicitation of a minor
offense as requiring sex offender registration; however, the amendment applied
only to offenses committed on or after September 1, 2007.  Id. 
Thus, this amendment cannot serve as the basis for the trial court=s imposition of appellant=s registration
requirement.





[4]Section 311.031(d)
provides that if Aany provision of a code
conflicts with a statute enacted by the same legislature that enacted the code,
the statute controls.@  Tex. Gov=t Code Ann. ' 311.031(d) (Vernon 2005).  Neither party has contended that this section
applies to the issues raised in this appeal.





[5]Because of such alleged
incompatibility, the appellant contended that his federal constitutional rights
under the Fourteenth Amendment and his state constitutional rights under
Article 1, Section 19 had been violated. 
Rhoades, 934 S.W.3d at 121; see U.S. Const. amend. XIV;
Tex. Const. art. I, ' 19.  Appellant has asserted violations of these
same constitutional provisions in his second and third points.





[6]Appellant concedes that
if section 311.025(c) applies to the two bills at issue, the bills are
reconcilable, and both are effective.





[7]Similarly, in State ex
rel. Turner v. McDonald, the Court of Criminal Appeals stated that a bill
reenacted a section of article 42.12 of the code of criminal procedure when the
bill did not specifically contain the word Areenact,@ but stated that the article was Aamended to read as
follows.@  676 S.W.2d 375, 377 (Tex. Crim. App. 1984), superseded
by statute on other grounds as stated in Whitelaw v. State, 29 S.W.3d 129,
133B34 (Tex. Crim. App.
2000); see Act of May 27, 1983, 68th Leg., R.S., ch. 303, ' 9, 1983 Tex. Gen. Laws
1568, 1587B88 (amended 1993)
(current version at Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2008)).





[8]Appellant has not cited
any authority, and we have found none, expressly requiring the word Areenact@ to appear in a bill for
the bill to have a reenacting effect.





[9]We note that the added
subsection, A(N)  a conviction for a violation of Section
33.021 (Online solicitation of a minor), Penal Code,@ cannot make sense as any
independent pronouncement; instead, the subsection has logical meaning only
when considered along with the remainder of the sex offender registration
statute; it is dependent upon the remainder of that statute for its
effect.  We conclude that this
distinguishes the addition in House Bill 2228 from those cases in which the
added statutory language is complete within itself.  See  State v. Sw. Gas & Elec.
Co., 145 Tex. 24, 30, 193 S.W.2d 675, 679 (1946); Johnson v. Martin,
75 Tex. 33, 39, 12 S.W. 321, 323 (1889); 
Ellison v. Tex. Liquor Control Bd., 154 S.W.2d 322, 326 (Tex. Civ.
App.CGalveston 1941, writ ref=d) (holding that the
enactment of subsections apart from the language of the entire section they
were contained in was not constitutionally defective when the subsections were
equivalent to articles within a chapter); see also Henderson, 102 Tex.
at 169, 114 S.W. at 111 (indicating that an independent statute that declares
its provisions fully is not subject to the constitutional reenactment
requirement).





[10]Specifically, appellant
contends that without a valid statute expressly authorizing the trial court to
impose a registration requirement, he was without notice of the potential for
such a condition when he committed his offenses, which he claims violates due
process and the due course of law.  See
U.S. Const. amend. XIV; Tex. Const. art. I, ' 19.