**In re Elie HOURANI and Diana Elmas, Relators.**

No. 14–00–00325–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 31, 2000.

John C. Wynne, Houston, for appellant.

Scott D. Cunningham, Michael J. Stanley, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, ANDERSON and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

■ In this mandamus proceeding, we interpret and apply section 74.053 of the Texas Government Code, which governs a litigant's right to object to assigned judges, commonly referred to as "visiting judges." At issue is whether litigants who become parties after a visiting judge begins to preside in the case have a right to object under this statutory provision.[1]

---

1. The relators also contend in this court that a Harris County local rule provides an additional ground upon which their objection should require removal of the visiting judge. However, each relator's motion to "strike" the visiting judge relies expressly and solely upon section 74.053. Accordingly, the relators are restricted to that ground in this court. *Cf.*

## I. FACTUAL AND PROCEDURAL OVERVIEW

In April 1999, Value Recovery Group ("VRG") filed suit against Monzer Hourani and numerous other parties. VRG named the relators, Elie Hourani and Diana Elmas, as defendants, but failed to obtain service of process on them after filing suit. Before relators were properly before the court as parties, the administrative judge assigned a visiting judge to the case. The visiting judge presided over various pretrial matters for nearly eight months.[2] Once the relators were served with process in the suit, they attempted to object to the visiting judge under section 74.053 of the Texas Government Code. In January 2000, the sitting judge attempted to set a new deadline for a "timely" section 74.053 motion to remove the visiting judge. The relators met that deadline, but the visiting judge refused to remove himself from the case. He found their objection untimely. The relators filed a petition for writ of mandamus in this court. *See* TEX. GOV'T.CODE ANN. § 22.221 (Vernon Supp. 2000); *see also* TEX.R.APP. P. 52.

The relators claim that although the litigation was already underway, they were entitled to strike the visiting judge under section 74.053. They argue their objection was timely because it was asserted during the interval between the time they became parties and the time the visiting judge next held a hearing or ruled and because it was asserted within the deadline set by the administrative judge. The relators contend the visiting judge had no discretion and was required to step aside once they asserted their timely objection, and by refusing to do so, he refused to perform a ministerial duty imposed by law. The relators seek a writ of mandamus compelling the visiting judge to remove himself from

the case and to vacate all orders he entered after they presented their objection.

Concurrently with the filing of their petition for writ of mandamus, the relators filed a motion for temporary relief in this court. On April 4, 2000, we entered an order staying all proceedings in the trial court pending our ruling on the petition for writ of mandamus. We now deny the petition and lift the stay.

## II. STANDARD OF REVIEW

Generally, mandamus relief is available if the trial court violates a duty imposed by law or otherwise clearly abuses its discretion when there is no adequate remedy at law. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992); *In re Living Centers of America, Inc.,* 10 S.W.3d 1, 3 (Tex.App.—Houston [14th Dist.] 1999, no writ). When a party files a timely objection to an assigned judge under section 74.053, removal of the assigned judge is mandatory. *See Dunn v. Street,* 938 S.W.2d 33, 34 (Tex.1997); *Flores v. Banner,* 932 S.W.2d 500, 501 (Tex.1996). If the assigned judge refuses to remove himself after a party files a timely objection under section 74.053, that judge's subsequent orders are void and the objecting party is entitled to mandamus relief without a showing that the party lacks an adequate remedy by appeal. *See Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997); *Flores,* 932 S.W.2d at 501.

## III. STATUTORY INTERPRETATION

The statutory scheme of the Court Administration Act sets the context for interpretation of section 74.053:

> When interpreting a statute, we "consider the entire act, its nature and object, and the consequences that would follow from each construction." *Sharp v.*

---

*Gill v. Texas Department of Criminal Justice, Institutional Division,* 3 S.W.3d 576, 578 (Tex.App.-Houston [1st Dist.] 1999, no writ) (objection not reviewable on grounds set forth in section 73.053).

**2.** Chapter 74 of the Government Code, the Court Administration Act, divides the state

into nine administrative judicial regions, provides for the appointment of regional presiding judges, and authorizes these presiding judges to assign visiting judges to the courts in their region, among other things. *In re Perritt,* 992 S.W.2d 444, 446 (Tex.1999).

*House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex.1991). "[W]e must reject interpretations of a statute that defeat the purpose of the legislation so long as another reasonable interpretation exists." *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex.1996).

*Atascosa County v. Atascosa County Appraisal Dist.*, 990 S.W.2d 255, 258 (Tex. 1999) (choosing an interpretation consistent with the constitution, the statutory scheme, and the plain meaning of the statute). In construing a statute, we focus on the legislature's intent and endeavor to glean it from the plain meaning of the words chosen. *See, e.g., Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 602 (Tex.1999). Regardless of whether the statutory language is ambiguous on its face, the Code Construction Act allows a reviewing court to consider the object sought to be attained and the consequences of a particular construction. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998). In interpreting a statute, we presume that provisions relating to the same subject were intended to be consistent and to operate in harmony. *See Moses v. Fort Worth Indep. School Dist.*, 977 S.W.2d 851, 853 (Tex.App.—Fort Worth 1998, no writ).

### A. Nature and Purpose of the Court Administration Act

Section 74.053 of the Texas Government Code, entitled "Objection to Assigned Judge," states:

(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed *before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.*

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

TEX. GOV'T CODE ANN. § 74.053 (Vernon 1998) (emphasis added).

Section 74.053 is part of a broad statutory scheme for the orderly administration of courts. While the cases speak loosely in terms of a party's right to object,[3] what is actually at issue is the carefully limited opportunity to remove unde-

---

**3.** *See Chandler v. Chandler*, 991 S.W.2d 367, 408 n. 9 (Tex.App.—El Paso 1999, orig. proceeding) (using words "right to object" but rejecting notion that "entitlement to the statutory strike cannot be waived"); *In re Torch Energy Mktg., Inc.*, 989 S.W.2d 20, 22 (Tex. App.—San Antonio 1998, orig. proceeding) (speaking of "right to object," but addressing mandatory removal); *In re City of Wharton*, 966 S.W.2d 855, 857 (Tex.App.—Houston [14th Dist.] 1998, orig. proceeding) (treating objection as a "right" that should not be abrogated by raising form over substance; supreme court provided guidance through mandamus conditionally granted against this court; correct issue was the flow of administrative authority to place judge on the case); *compare Houston Lighting & Power Co.*, 976

S.W.2d at 673 (in granting mandamus against this court regarding our *City of Wharton* decision, stating, 'The overriding purpose of judicial rules of procedure is to obtain "a just, fair, equitable and impartial adjudication .... with as great expedition and dispatch ... as may be practicable.' Section 74.053 provides a limited right to object to Chapter 74 assignments. It does not, however, give a party 'an unlimited right to have the matter decided before a judge of their choosing.' "). The words "only entitled to one" were added to the statute as part of a limiting phrase. Therefore, we read these words as language of limitation, not entitlement. This misleading language in the cases can easily lead both courts and practitioners astray. *See In re Cuban*, 24 S.W.3d 381 (Tex.App.—Dallas

sirable visiting judges without stating or proving any reason. The limits section 74.053 imposes were designed to give precedence to court administration and to restrict attempts at forum shopping that inevitably result when litigants are given even a small measure of control over determining who will hear their case.

Subsection (b) of the statute allows a party to make one objection to an assigned judge. Subsection (c) mandates that any objection under the statute must be made before proceedings begin. Subsection (d) allows unlimited objections to an assigned former judge who was not a retired judge.

In 1987, the 70th Legislature was concerned about the parties' "unfettered right to object to the assignment of a visiting judge." *State v. Preslar*, 751 S.W.2d 477, 481 (Tex.1988). In *Preslar*, the Texas Supreme Court thoroughly discusses enactment of the amendment limiting parties to one objection. Apparently, the legislature determined that merely limiting the time for objection left too much room for disruption in the litigation process. The legislature considered competing bills, one eliminating the objection and one amending the law to further limit objections to one. 751 S.W.2d at 481. The legislature ultimately opted for the latter course and implemented the current version of the statute to further limit objections. *See generally Preslar*, 751 S.W.2d at 480–482; *compare with* Tex. Gov't Code Ann. § 74.053 (Vernon 1988).

In 1991, the legislature again amended section 74.053. Again, the legislature carefully left in place the limits on objections to sitting and retired judges. *See Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 440 (Tex.1997) (discussing the legislative process adding subsection (d)).[4]

Subsection (d) resulted from an uproar about visiting judges sitting on cases after voters had expressly rejected them at the polls. *See id.* That subsection effectively removed the limits on the time and number of objections to former judges who were not retired when they left office. *Id.* Objections to sitting and retired judges, however, remained as limited as before. Thus, the legislature clearly intended to continue limiting objections to sitting and retired judges to one timely objection.

### B. Prerequisites to Objection Under Section 74.053(b)

 The conditions of section 74.053(b) must be fulfilled in order to make an objection under the statute. If no party objects to the visiting judge, it does not matter whether a party could not object either (1) because it did not get notice of the assignment, (2) because it already objected to a visiting judge, or (3) because it was not a party at the time the objection could be asserted.

The word "if" in both subsections (a) and (b) indicate contingencies. *If* the presiding judge decides to inform the parties of the assignment, she may do so. *If* a party files a timely objection, it then has a right to an order removing the visiting judge. Subsection (c) leaves no doubt that the objection under subsection (b) necessary to trigger a right to removal may *only* be made before the visiting judge takes action on the case. The window of opportunity terminates when the first hearing or trial *"over which the assigned judge is to preside"* begins. Tex. Gov't Code Ann. § 74.053(c) (emphasis added); *see also Perkins v. Groff*, 936 S.W.2d 661, 666 (Tex. App.—Dallas 1996, writ denied) (hearing

---

2000, orig. proceeding) ("Cuban cannot be held to have waived his objection to Judge Hoffman because Cuban did not file it before a hearing was conducted without notice to him. To hold otherwise would render meaningless the right to object.").

4. Relators inform us that the assigned judge in this case is a retired judge. In any case, their objection in the underlying lawsuit was clearly based upon subsection (b). Accordingly, subsection (d) of the statute does not apply in this case. *See Flores v. Banner*, 932 S.W.2d 500, 501 (Tex.1996).

contemplated by section 74.053 occurs when judge considers a request for affirmative relief, even if there is no oral argument.).

■ In enacting this statute the legislature could have stated that a party's right to removal of a visiting judge terminated "upon the first hearing after a party joins the case" or "upon the first action a party takes in the case." It did not. The plain words of the statute provide a right to removal only before the visiting judge commences the first hearing on the case. This interpretation of the statute is consistent with the intent of the legislature to enhance court administration while, at the same time, providing a limited opportunity for litigants to voice objections to a visiting judge assigned to hear their case.

### C. Deference to Presiding Judge's Discretion as Administrator

■ Under section 74.053(a), no attorney is even entitled to *notice* that a visiting judge will hear the case. *See Turk v. First Nat. Bank of West University Place,* 802 S.W.2d 264 (Tex.App.—Houston [1st Dist.] 1990, writ denied).[5] Notice to any of the attorneys in the case is conditioned on whether the presiding judge, as administrator, makes three broadly discretionary decisions: (1) notice is reasonable; (2) notice is practicable; and (3) time permits. *See* Tex. Govt.Code section 74.053(a). Instead of requiring notice, the statute simply requires removal *if* a timely objection is made. Under this statutory framework, the presiding judge's administrative discretion takes precedence over a litigant's

opportunity to make the objection. Litigants who become parties to a case after the time for objections has passed have no more right to object than those who were parties at the time an objection could have been asserted, but who received no notice of the assignment.

The relators argue that interpreting the statute in this manner would enable a plaintiff to sue a number of defendants, but to choose to serve only a peripheral defendant, then request a hearing on an innocuous matter before a visiting judge. The relators argue this maneuver would effectively nullify the unmade objections of the unserved defendants and pave the way for a plaintiff to "lock in" his "visiting judge of choice," leaving the remaining defendants without a means of voicing any objection to the visiting judge. Typically, the presiding judge, not the parties, chooses the visiting judge. While the fixed window of opportunity for objections might lead to this result in some cases, these potential consequences do not change the plain meaning of the statute. As our sister court of appeals in Austin explained in interpreting a different statute:

> [T]he statute is simple and its language unambiguous. Of particular importance, an interpretation of a statute must be consistent with its underlying purpose and the policies it promotes. This Court is not unaware of the concerns that have been expressed ... but these concerns should be addressed to the legislature. Interpreting a statute contrary to its terms in order to effectuate an unintended result is not the role of the judiciary.

---

5. Statutes are given a construction consistent with constitutional requirements when possible because the legislature is presumed to have intended compliance with the constitution. *See Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 715 (Tex.1990). If each party had an unconditional right to remove a visiting judge, it would violate due process not to give the parties notice and an opportunity to be heard before they lost that right. The legislature clearly provided broad administrative discretion in giving notice. *See Tivoli Corp. v. Jewelers Mut. Ins. Co.,* 932

S.W.2d 704, 708 (Tex.App.—San Antonio 1996, writ denied) (objection untimely even though party received no notice of assignment before visiting judge granted summary judgment). If there was a right to object, due process concerns would render the discretionary language meaningless. However, the right involved, mandatory removal, is not created until a timely objection is made. As a result, the discretionary language can be given effect without creating any due process concern.

The plain objective of the statute is to obtain prompt payment of claims, and we, as a court, must liberally construe the statute to promote its underlying purposes.

*Dunn v. Southern Farm Bureau Cas. Ins. Co.*, 991 S.W.2d 467, 474 (Tex.App.—Tyler 1999, writ denied) (citations omitted). Recusal, rather than removal, is available to combat bias. *See* TEX. GOV'T CODE ANN. § 74.059(c)(3) (Vernon 1998); TEX.R. CIV. P. 18a; *Jamilah v. Bass*, 862 S.W.2d 201, 203 (Tex.App.—Houston [14th Dist.] 1993, no writ) (upon motion to recuse, judge must either refer the matter to the administrative judge or recuse himself). Allowing every newly added party the *automatic* opportunity to remove a visiting judge at any stage of the proceeding would almost certainly result in a substantial loss of valuable judicial resources, increased costs, unnecessary delays and, in some cases, procedural chaos.[6] Multiple objections to the assignment of visiting judges could seriously hamper the trial court's ability to proceed.[7] Because of the enormous time commitment necessary to hear litigation involving numerous parties and claims, there is a compelling need to maintain continuity in proceedings. Imposing limits on litigants' rights to strike visiting judges encourages and protects the substantial time and resources a visiting judge invests developing a thorough knowledge of the case through consideration of pretrial motions and discovery matters. This investment of judicial resources would be lost and the orderly development of the case utterly frustrated if a later joined party could remove the judge by assertion of an objection under section 74.053(b).

■■■ There is nothing delphic or confusing in the text of section 74.053, nor is there any basis to conclude that its language is ambiguous. Indeed, ambiguity requires two or more *reasonable* interpretations. *See Direlco, Inc. v. Bullock*, 711 S.W.2d 360, 362 (Tex.App.—Austin 1986, writ ref'd, n.r.e.). Interpreting the plain language of the statute to allow removal of the assigned judge every time a new party joins the case is simply not reasonable in light of the words the legislature chose. Therefore, we decline to adopt the relators' interpretation.

■■■ The relators also argue that their objections to the visiting judge were timely because they asserted them before the deadline imposed by the administrative judge. That judge sent the following letter to the later-added parties (relators) in January, 2000, attempting to give them an opportunity to object under section 74.053:

Dear Counsel and Pro Se Parties:

Please note that, in accordance with Government Code, Section 74.053(a), you are hereby given notice that assigned Judge PK Reiter will hear the below referenced case either in whole or in part. The trial date for this case is the two week period beginning on Monday 22, 2000.

Under Section 74.053(b), you are entitled to file a timely objection to this assigned judge. In accordance with TRCP 166, the judge of this court has directed that, in order to be "timely", an

---

6. The trial court noted the concern with disruption of multi-party litigation in the present case, and also suggested that parties could forum shop by bringing in a "straw man" party to remove a judge whom they perceived as unfavorable.

7. This concern is illustrated in *In re Houston Lighting & Power Co.*, 976 S.W.2d 671 (Tex. 1998). There, even with the current limit of one timely objection per party, the first judge voluntarily recused herself, objections had already been lodged against four judges, and the case was transferred to the court of the fourth judge, who refused to recuse himself from his own bench. 976 S.W.2d at 674 n. 1 We granted mandamus, and the Texas Supreme Court granted mandamus against us, because the fourth judge was no longer a visiting judge. *See also Torch Energy*, 989 S.W.2d at 22 (noting sixty-three defendants with a right to one objection each). We need not exacerbate the problem with numerous objections to visiting judges by failing to enforce the limits the legislature placed upon the section 74.053 objection.

objection must be filed on or before Friday, April 28, 2000. IF AN OBJECTION IS NOT FILED BEFORE THIS DATE, IT WILL BE DEEMED UNTIMELY AND THEREFORE WAIVED. Objections must be filed in writing, naming the party or parties exercising the objection, and naming the assigned judge to whom the objection is made. It must also have a proposed order attached so that the assigned judge may either sustain or overrule the objection. Please review Government Code, Section 74.053 for further information.

An objection will not affect this trial setting.

■■ The relators contend that the visiting judge not only refused to recognize their statutory rights, but also refused to recognize "the right expressly granted in this correspondence." While we applaud the diligent efforts of the administrative judge to inform the parties of the visiting judge assignment, the trial court may not set a time for a section 74.053(b) objection that is inconsistent with the plain terms of the statute. Just as the legislature allowed the administrative judge discretion in providing notice of a visiting judge, it removed any discretion concerning the manner and timing of objections that will effect removal under section 74.053(b). While Texas Rule of Civil Procedure 166 gives the trial court the power to set pretrial deadlines, this rule, like all rules of procedure promulgated by the Texas Supreme Court, must yield to the mandates of a statute. *See Johnstone v. State*, 22 S.W.3d 408, 409 (2000) ("[W]hen a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government Code section 22.004."); *Kirkpatrick v. Hurst*, 484 S.W.2d 587, 589 (Tex. 1972).

The administrative judge may not order the section 74.053(b) period for objection reopened nor otherwise extend the period for making a timely objection. The statute sets a clear restriction on the time period the parties may effect the removal of a visiting judge, and it is up to the legislature to limit, expand, or eliminate this provision. Accordingly, the fact that the relators filed their objection to the visiting judge within the time limits ordered by the administrative judge does not render their objection timely under section 74.053(b).

## IV. Conclusion

The Court Administration Act is designed to enhance court administration. Section 74.053 requires the administrative judge to remove visiting judges upon objection, but only if the visiting judge has not yet begun to act. The Texas Supreme Court has carefully examined the legislative history of this statutory provision. It is clear from that examination that the legislature intentionally increased limits on litigants' rights to remove a judge in order to minimize disruption of the judicial process. The plain words of the statute make notice contingent on the presiding judge's determination that it is reasonable and practicable to give notice, and that there is sufficient time to do so. The statute was designed to prohibit objections to the visiting judge to the extent such objections would operate to disrupt judicial proceedings once they are underway. Allowing a later added party to remove the visiting judge would not promote the statute's underlying purpose nor advance its policies. In fact, interpreting the statute in this fashion would contravene the letter and spirit of its limiting language.

We deny relators' petition for writ of mandamus and lift the stay granted by this court.