**In the Matter of M.A.V., Appellant.**

No. 04–99–00767–CV.

Court of Appeals of Texas, San Antonio.

Jan. 31, 2001.

Marsha Lynn Merrill, San Antonio, for Appellant.

Romero Ramirez, Webb County Atty., Enrique Pellegrin, Asst. County Atty., Laredo, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

KAREN ANGELINI, Justice.

M.A.V. appeals the juvenile court's order certifying him to be tried as an adult.[1] He attacks the certification and transfer order in four issues. We reverse the trial court's judgment and remand the cause for further proceedings.

### FACTUAL & PROCEDURAL HISTORY

In March, 1991, the State sought to certify M.A.V. to stand trial as an adult for crimes allegedly committed when he was sixteen. M.A.V. was charged with seven counts of capital murder, three counts of murder, eleven counts of burglary, and one count of theft. The trial court entered a

---

1. Because the alleged offense occurred before January 1, 1996, M.A.V. is entitled to appeal. *See* Act of May 23, 1991, 72nd Leg ., R.S., ch. 680, § 1, 1991 Tex.Gen.Laws 2466, 2466, amended by Act of May 27, 1995, 74th Leg., R.S., ch. 262, §§ 48, 106(b), 1995 Tex Gen. Laws 2517, 2546, 2591 (section 56.01(c) of the Family Code no longer permits interlocutory appeal of the transfer and certification order).

certification order, which was reversed and remanded to the trial court to hold jury trials on temporary hospitalization and fitness to proceed. *See M.A.V. v. Webb County Court at Law*, 842 S.W.2d 739 (Tex.App.—San Antonio 1992, writ denied). M.A.V. was found fit to proceed. He escaped from juvenile custody in 1993 and was found in Mexico in 1995. Once M.A.V. was returned to Texas, the State reinitiated proceedings to certify him as an adult. The trial court waived its jurisdiction and ordered M.A.V. to criminal court to stand trial as an adult. This court, again, reversed and remanded the certification order, requiring the State to proceed under the proper Family Code section. *In the Matter of M.A.V.*, 954 S.W.2d 117, 119 (Tex.App.—San Antonio 1997, pet. denied). The State, for the third time, undertook to certify M.A.V., and the trial court certified him to be tried as an adult in criminal court for the alleged offenses. It is from this certification and transfer order that M.A.V. appeals.

In four issues, M.A.V. challenges the certification and transfer order. First, M.A.V. asserts the trial judge erred in not removing himself from the certification hearing. Second, he claims there is no affirmative showing in the record that he received service of summons. Next, M.A.V. argues the trial court abused its discretion in finding the State exercised due diligence. And, finally, M.A.V. alleges that all the proceedings against him were not recorded in compliance with the Family Code and that he was harmed by that failure.

## DISCUSSION

In his first issue, M.A.V. claims the trial judge, a visiting judge, erroneously refused to remove himself from the certification proceeding, over M.A.V.'s timely objection. The Texas Government Code

allows a party to object to the assignment of a judge to his or her case. TEX.GOV'T CODE ANN. § 74.053 (Vernon 1998). When the objection is timely, the assigned judge "shall not hear the case." *Id.* § 74.053(b). Such an "objection is timely if the party files it before the first hearing or trial over which the assigned judge is to preside." *Id.* § 74.053(c); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex.1996); *see In re Torch Energy Mktg., Inc.*, 989 S.W.2d 20, 21 (Tex.App.—San Antonio 1998, no pet.). "[W]hen a party files a motion requesting affirmative relief and the judge considers the merits of the arguments and rules on the matter, there has been a hearing within the meaning of section 74.053." *Perkins v. Groff*, 936 S.W.2d 661, 666 (Tex. App.—Dallas 1996, writ denied).

■ M.A.V. filed his "Peremptory Strike of Visiting Judge" on September 13, 1999, at 9:00 a.m. M.A.V.'s certification and transfer hearing was held the same day. Immediately after the trial judge called the case, he acknowledged that M.A.V. had filed the motion that morning. The following colloquy then took place:

> *Judge:* The first one that needs to be taken up is Respondent's peremptory strike for a visiting judge because if I'm not qualified to hear the matter then the rest of it becomes terribly moot.
>
> Mr. Gonzalez do you wish to offer anything additional in support of your motion to strike me as judge in the case?
>
> *Gonzalez:* No, Your Honor.
>
> *Judge:* Does the State have any response to it?
>
> *State:* Your Honor, this particular aspect—we have been to this avenue before, Your Honor, and the State feels that he would be entitled to strike.

*Judge:* Well I think you and he are both wrong. We had a meeting in chambers at which I discussed the matter and told Mr. Gonzales if he wanted to raise a—a competency issue that he should file documents by a date in April. He filed nothing until today and therefore I feel that he has waived any right to strike me as judge in the case by failing to raise it in the time—raise it in a timely fashion.

The trial judge then asked the State if it had anything, in addition, to say. The State responded that it was unsure of the law on the point and requested a ten minute recess to research the issue. Once the court was back in session, the State again agreed to the motion. The judge, still, denied M.A.V.'s motion.

 M.A.V. claims that the denial of his timely motion was erroneous. The State counters that "the visiting judge had already acted and ruled in the particular case," and that, accordingly, M.A.V.'s motion was untimely. The State characterizes the in-chambers meeting held regarding a "competency issue" as the hearing or trial necessary to render M.A.V.'s motion untimely. It is undisputed that this meeting occurred. The record, however, does not reflect that either party filed any motions, or that the trial judge ruled on the merits of any motions at the conference. Because the record does not indicate that either party made any formal requests or motions during that meeting, or that the trial judge ruled on the merits of any issue, we cannot assume that a hearing, as contemplated by section 74.053, was held before M.A.V. filed his motion. *See Perkins,* 936 S.W.2d at 666. We are, therefore, compelled to find that M.A.V.'s motion was filed timely. And, when a party files a timely objection to an assigned judge, the judge's disqualification is mandatory. *Flores,* 932 S.W.2d at 501; *Curtis*

*v. State,* 762 S.W.2d 958, 959 (Tex.App.—Dallas 1988, no writ). The trial judge, here, upon M.A.V.'s timely objection was disqualified, and any judgment he rendered is, therefore, void. *Flores,* 932 S.W.2d at 501; *Curtis,* 762 S.W.2d at 960.

### CONCLUSION

Because we find the trial court erred in refusing to remove himself over M.A.V.'s timely objection, we do not reach the remainder of M.A.V.'s claims. We reverse the trial court's judgment and remand the case for additional proceedings.

PAUL W. GREEN, Justice, dissenting.

The question is whether a party, who has known for more than six months that a certain visiting judge has been assigned to hear his case, may defer making any objection to the assigned judge until the time of the first hearing in the case, even if the objection causes the case to be delayed for the assignment of a new judge. The trial judge said no. However, the majority holds that an objection to an assigned judge may always be deferred to the time of the first hearing in the case, even if it causes unnecessary delay. The result of this holding is to render meaningless the requirement that parties be given notice of a visiting judge assignment. What is worse, it invites manipulation and disruption of the judicial process to the ends of delay. I believe the rule should be that an objection to an assigned judge must be filed as soon as reasonably practicable after notice of the assignment is given, but no later than the time of the first hearing in the case. Accordingly, I respectfully dissent.

M.A.V. knew, as early as February or March of 1999, that Judge Priest had been assigned to his case. We know this because the record indicates that at some time during late winter or early spring of

that year Judge Priest called a pre-trial conference of the parties. The lawyers for M.A.V. and the State were present at the conference. What is more, we know Judge Priest addressed substantive docket control issues during the conference, including whether M.A.V. intended to raise an issue concerning M.A.V.'s competency to stand trial. Indeed, Judge Priest ordered M.A.V.'s attorney to file any allegations of incompetency no later than April.[2] Some time thereafter, a hearing was set on the state's petition to certify M.A.V. to stand trial as an adult. Yet, not until the day of the certification hearing in September, did M.A.V. raise any objection to Judge Priest's assignment to the case.

The majority takes the position that M.A.V.'s right to object was available to him from the time of notice up to the point of "the first hearing or trial." *See* Tex. Gov't Code Ann. § 74.053(c) (Vernon 1998). I agree up to a point. Although section 74.053 expressly specifies the time after which an objection is too late as a matter of law, the converse is not necessarily true. *Id.* The statute does not provide that any objection filed before the first hearing or trial is timely as a matter of law:

> (b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case....
>
> (c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

To hold that it does is to read more into the statute than what is there and remove from trial judges the discretion the legislature intended to provide.

The majority follows a body of authority, which, on the surface, appears to hold that an objection to an assigned judge is timely if it is filed any time before the first hearing or trial over which the assigned judge is to preside. *See, e.g., Flores v. Banner*, 932 S.W.2d 500, 501–02 (Tex.1996) (objection timely "if the party files it before the first hearing or trial over which the assigned judge is to preside"); *Mercer v. Driver*, 923 S.W.2d 656, 658 (Tex.App.— Houston [1st Dist.] 1995, orig. proceeding) (objection timely "if it is made at any time before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial"); *Garcia v. Employers Ins. of Wausau*, 856 S.W.2d 507, 509 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (same).

These authorities, however, do not address the circumstance when the objecting party has known of the visiting judge assignment for several months and has failed to act. In *Flores*, for example, the objecting party was notified a former judge would be assigned to hear her motion one hour and 18 minutes before the hearing. *Flores*, 932 S.W.2d at 501. In *Mercer*, the objecting party had only one day's notice. *Mercer*, 923 S.W.2d at 657. In *Garcia*, the objecting party had virtually no notice. Clearly, under the facts of these cases, an objection filed immediately before the hearing or trial begins is timely—the objecting party could not have reasonably acted any sooner. *Garcia*, 856 S.W.2d at 508. These facts are quite different, however, from the facts of this case, where M.A.V. had known of Judge Priest's assignment to his case for more than six months. In my view, the authorities relied on by the majority do not support the notion, implicit in the holding, that it does not matter how long the objecting party has known of the assigned judge so long as the objection is filed before a formal hearing begins.

2. M.A.V. did not, in the end, make any claim of incompetency.

There must be a reason the statute requires that notice be given to the parties when a visiting judge is assigned to a case. *See* TEX.GOV'T CODE ANN. § 74.053(a) (Vernon 1998). In this context, notice is only meaningful if it is intended to put in issue whether the parties will accept the assigned judge. *See Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987) (stating courts "must give effect to all words of a statute and not treat any statutory language as surplusage if possible"). The majority's interpretation of the statute, however, has completely dispensed with the salutary purpose and requirement of notice. Indeed, the majority offers no advantage to giving parties notice of judicial assignments. When an objection to an assigned judge may always be made on the day of the first hearing or trial, what is the purpose of notice? I submit that this is not a reasonable interpretation of the statute. *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 662 (Tex. 1996) (stating "we must reject interpretations of a statute that defeat the purposes of the legislation so long as another reasonable interpretation exists").

The notice provision in the statute was intended to do more than merely give the parties a "heads-up" on who has been assigned to hear their case. It is designed to assist in the orderly administration of justice. *See In re Houston Lighting & Power Co.,* 976 S.W.2d at 673 (Tex.1998) (stating "[t]he overriding purposes of judicial rules of procedure is to obtain 'a just, fair, equitable and impartial adjudication ... with as great expedition and dispatch ... as may be practicable'"). Once a party has notice of an assigned judge, he is obligated to act or forbear concerning the assignment. Failing to object to the assignment within a reasonable time after notice may result in a waiver of the party's right to object if a later attempt to assert that right would cause unnecessary delay or other harm in the case.

M.A.V. was notified of the assignment of Judge Priest more than six months before the certification hearing on appeal in this case and he did not complain when Judge Priest conducted a pre-trial conference. Yet in spite of Judge Priest's lengthy, and arguably substantive, involvement in the case, M.A.V. raised no objection until the day of the certification hearing. The majority holds the objection was timely because it came before the hearing. However, I agree with Judge Priest that the objection was waived through M.A.V.'s failure to assert it within a reasonable time and because of the delay that would have otherwise ensued. In interpreting section 74.053, we must effectuate the legislature's intent to balance judicial efficiency with the party's limited right to object to a visiting judge:

> Because of the enormous time commitment necessary to hear litigation involving numerous parties and claims, there is a compelling need to maintain continuity in judicial proceedings. Imposing limits on litigants' rights to strike visiting judges encourages and protects the substantial time and resources a visiting judge invests developing a thorough knowledge of the case through consideration of pretrial motions and discovery matters.

*In re Hourani,* 20 S.W.3d 819, 825 (Tex. App.—Houston [14th Dist.] 2000, no pet. h.) (holding that although the party objected to the visiting judge before the occurrence of the first hearing after the party was added to the lawsuit, the objection was untimely because it was made after the first hearing conducted by the visiting judge).

It seems very unlikely the legislature intended to permit a party, given timely notice and a reasonable opportunity to ob-

ject to a judge assignment, to wait until the last possible moment to object to the assigned judge and thus disrupt a scheduled trial or hearing date, wasting valuable time and judicial resources. *See In re Houston Lighting & Power Co.,* 976 S.W.2d at 673; *Nootsie, Ltd.,* 925 S.W.2d at 662. I would, therefore, hold that Judge Priest did not abuse his discretion when he ruled that M.A.V.'s objection to his assignment was untimely. We should address the remainder of M.A.V.'s complaints on appeal.