

## NUMBER 13-20-00112-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

## IN RE MAGNOLIA PROPERTY MANAGEMENT

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Longoria and Perkes
## Memorandum Opinion by Chief Justice Contreras[1]

Relator Magnolia Property Management (Magnolia) filed a petition for writ of mandamus in the above cause on February 26, 2020. Through this original proceeding, Magnolia contends that the respondent erred in overruling its objection to the respondent's assignment under § 74.053. *See* TEX. GOV'T CODE ANN. § 74.053.[2] We agree and conditionally grant the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number C-0527-18-I in the 398th District Court of Hidalgo County, Texas, and the respondent is the Honorable Rogelio Valdez. *See id.* R. 52.2.

## I.  BACKGROUND

The underlying proceeding is a suit for wrongful foreclosure brought by Jose Roberto Flores[3] against Magnolia and other defendants, including Chateau Heights Council of Co-Owners, Inc. (Chateau), Kingman Holdings, LLC, as trustee of the South Second Street 3100 #33 Land Trust, Kingman Holdings, LLC, and Mark DiSantis (collectively, Kingman).

On January 7, 2020, Magnolia filed a motion to recuse the Honorable Keno Vasquez, who was then presiding over the case. On January 24, 2020, the Presiding Judge of the Fifth Administrative Judicial Region assigned the respondent, as "Senior Justice," to preside over the case "to consider the Motion to Recuse filed against Judge Keno Vasquez." This order of assignment was filed on January 29, 2020.

On January 24, 2020, the respondent signed an "Order Setting Hearing on [Magnolia's] Motion to Recuse," setting the hearing to occur on January 31, 2020, at 10:00 a.m.

On January 30, 2020, at 3:56 p.m., Magnolia filed an "Objection to Assignment." In its objection, Magnolia asserted that it had received the order setting hearing, signed by the respondent, and noted that it had not received a written notice of his assignment to the case. In this pleading, Magnolia objected to the respondent's assignment under § 74.053 of the Texas Government Code.

On January 31, 2020, the respondent began the hearing that he had scheduled for that day. At the beginning of the hearing, he stated that the court coordinator had informed him of a request from "I guess, the defendants," to appear telephonically. He stated that

---

[3] Flores is the Presiding Judge of the 139th District Court of Hidalgo County, Texas.

due to "some difficulties with the electronic system," that the court reporter would be unable to transcribe a telephonic hearing. Accordingly, the respondent "used [his] discretion and informed the coordinator to convey to the defense counsel that their presence would be required because of that difficulty." The respondent noted that it had received Magnolia's objection to his assignment, then took announcements from the parties. The only attorneys to appear at the hearing were counsel for Flores and counsel for Magnolia.

Magnolia's counsel informed the respondent that he had "filed an objection to this matter being assigned to [him] for a determination," and asked "that this be referred to the administrative judge for [her] to refer it to the Chief Justice of the Texas Supreme Court to appoint a judge to hear the motion to recuse." Magnolia's counsel offered the respondent a copy of its filed objection. Counsel asserted that "once an objection is filed, it is not subject to hearing, determination." In response, Flores's counsel agreed that "once the objection is filed, I don't think there is anything that we can do from our end to proceed." The respondent stated that the objection needed to be made before "any discretionary decisions," and "yesterday a request was made from me via coordinators and whatnot." Magnolia's counsel asserted that the request to appear telephonically "must have been from other defense counsel" because "I always intended to be here this morning." Magnolia's counsel asserted that "[w]hoever . . . contacted the court about a telephonic hearing, it wasn't us." The respondent informed the parties that he believed that he was not subject to an objection under § 74.053 because he was an "active" judge who was acting under a current assignment. Finally, the respondent took testimony from court staff, who testified that counsel for Chateau had called the court coordinator and

3

requested to appear at the hearing by telephone. After further discussion and argument on the validity of Magnolia's objection, the respondent denied Magnolia's objection.

This original proceeding ensued. By one issue, Magnolia asserts that the respondent erred by overruling its timely objection to the respondent's assignment. In support of its petition for writ of mandamus, relator filed: (1) a copy of Magnolia's Motion to Recuse; (2) a copy of the Order of Assignment; (3) a copy of the Order Setting Hearing on Magnolia's Motion to Recuse; (4) the Objection to Assignment; and (5) the transcript of the January 31, 2020 hearing. Magnolia also filed an unopposed motion for emergency relief, which this Court granted, ordering the trial court proceedings to be stayed. *See* TEX. R. APP. P. 52.10(b).

The Court requested that the real party in interest, Flores, or any others whose interest would be directly affected by the relief sought, including but not limited to Chateau and Kingman, file a response to the petition for writ of mandamus. *See id.* R. 52.2, 52.4, 52.8. Flores filed a response to the petition for writ of mandamus. He asserts that an objection to an assigned judge is not timely if it is made after any ruling in the case, and the respondent's out-of-court ruling made the day before the hearing, denying Chateau's request to appear telephonically, rendered Magnolia's objection, filed later that same day, untimely. Flores asserts that a ruling does not need to be made on the record in open court to be considered in the context of determining the timeliness of an objection under § 74.053. He also contends that Chateau's action in requesting to appear at the hearing telephonically operated to waive Magnolia's objection because Magnolia and Chateau are "aligned" in the case as defendants. Flores also notes that the respondent stated on the record that he is an "active" judge who is not subject to objection under the statute.

4

Kingman filed a "response" to the petition for writ of mandamus in support of Magnolia's petition. Kingman argues that Magnolia's objection was timely, any out-of-court communications regarding the telephonic hearing are insignificant, and the respondent is a senior judge rather than an active judge, and therefore subject to a timely objection under the government code. It requests that we grant Magnolia's petition for writ of mandamus.

Chateau did not file a response to the petition for writ of mandamus.

## II.  MANDAMUS

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An order is void when a court has no power or jurisdiction to render it. *Ad Villarai, LLC v. Pak*, 519 S.W.3d 132, 137 (Tex. 2017) (per curiam). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. When an order is void, the relator need not demonstrate the lack of an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

When a judge assigned under Chapter 74 of the government code overrules a timely objection to his assignment, all the judge's subsequent orders are void and the objecting party is entitled to mandamus relief. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding). In such a case, the objecting party need not demonstrate that it lacks an adequate remedy by appeal. *Dunn v. Street*, 938 S.W.2d 33, 34 (Tex. 1997) (orig. proceeding) (per curiam); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex. 1996) (orig. proceeding) (per curiam); *In re Flores*, 53 S.W.3d 428, 430 (Tex. App.—San Antonio 2001, orig. proceeding); *see also In re Troiani*, No. 13-17-00204-CV, 2017 WL 2806296, at *3 (Tex. App.—Corpus Christi–Edinburg June 27, 2017, orig. proceeding) (mem. op.).

### III.   OBJECTIONS TO ASSIGNED JUDGE

The presiding judge of an administrative judicial region is authorized to assign judges in the region to "try cases and dispose of accumulated business." TEX. GOV'T CODE ANN. § 74.056(a). A judge sitting by order of assignment has "all the powers of the judge of the court to which he is assigned." *Id.* § 74.059(a). The judges that may sit by assignment are specified by statute, and include active, retired, or senior judges. *See id.* § 74.054; *see also Zavala v. Salles*, No. 13-18-00201-CV, 2019 WL 2847444, at *3 (Tex. App.—Corpus Christi–Edinburg July 3, 2019, no pet.) (mem. op.) (distinguishing associate judges and assigned judges). Section 74.053 of the Texas Government Code governs the ability of parties to make objections to the assignment of trial judges and the procedure for making such objections. *See* TEX. GOV'T CODE ANN. § 74.053. An active judge who is assigned to a trial court under Chapter 74 of the government code is not subject to an objection. *Id.* § 74.053(e).

6

"If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case." *Id.* § 74.053(b). An objection pursuant to this section "must be filed not later than the seventh day after the date the party receives actual notice of the assignment or before the date the first hearing or trial, including pretrial hearings, commences, whichever date occurs earlier." *Id.* § 74.053(c); *see Collins v. D.R. Horton-Tex. Ltd.*, 574 S.W.3d 39, 45 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("The objection filed on March 9 was therefore not timely because it was filed more than seven days after the Collinses received actual notice of the visiting judge's assignment."); *In re S.N.Z.*, 421 S.W.3d 899, 907–08 (Tex. App.—Dallas 2014, pet. denied) (concluding that an objection was untimely because the assigned judge had denied relator's motion to transfer venue before relator filed her objection). The presiding judge may extend the time to file an objection under this section "on written motion by a party who demonstrates good cause." TEX. GOV'T CODE ANN. § 74.053(c).

A party cannot file a pro forma blanket objection, or other prophylactic objection, to a hypothetical assigned judge before the assignment takes place. *See Discovery Operating, Inc. v. Baskin*, 855 S.W.2d 884, 887 (Tex. App.—El Paso 1993, no writ) ("A party does not possess the right to object to the assignment of a visiting judge before the assignment takes place."); *see also Greer v. Reaux*, No. 13-18-00433-CV, 2020 WL 948368, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 27, 2020, no pet. h.) (mem. op.); *In re S.Q.*, No. 04-18-00119-CV, 2018 WL 3129434, at *1 (Tex. App.—San Antonio June 27, 2018, pet. denied) (mem. op.); *In re Carnera*, No. 05-16-00055-CV, 2016 WL 323654, at *2 (Tex. App.—Dallas Jan. 27, 2016, orig. proceeding) (mem. op.). A party may withdraw a previously filed objection after it is filed. *Clark v. Yarbrough*, 900 S.W.2d 406,

7

410 (Tex. App.—Texarkana 1995, writ denied); *see also In re Carnera,* 2016 WL 323654, at \*2. And, a party can implicitly waive an objection when it participates in a proceeding without advising the assigned judge that an objection was filed. *See In re Approximately $17,239.00*, 129 S.W.3d 167, 168 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding [mand. denied]) (per curiam) (holding that a party waived its objection to the assignment by participating in a hearing but failing to inform the judge of its timely filed objection); *Tex. Emp't Comm'n v. Alvarez*, 915 S.W.2d 161, 163 (Tex. App.—Corpus Christi–Edinburg 1996, no writ) ("Because the prohibition from hearing a case under section 74.053 is nonconstitutional, we hold that the objection is waivable and must be presented and ruled upon to trigger any mandatory prohibition."); *see also Zavala*, 2019 WL 2847444, at \*3 ("A party waives an objection when it participates in a proceeding without advising the assigned judge that an objection was filed."); *In re S.Q.*, 2018 WL 3129434, at \*1 ("[A] party impliedly withdraws an objection by participating in a hearing or trial without advising the assigned judge that an objection has been filed and seeking a ruling."); *In re Carnera*, 2016 WL 323654, at \*2 (stating that a party may "impliedly" withdraw a previously filed objection "when it participates in a proceeding without advising the assigned judge that an objection has been filed").[4]

---

[4] We considered a different issue in *St. Cosmas Corp. v. Flores*, No. 13-15-00017-CV, 2017 WL 1479433, at \*1–2 (Tex. App.—Corpus Christi–Edinburg Apr. 20, 2017, no pet.) (mem. op.). In that case, the appellant timely filed an objection to the assignment and did not participate at the hearing under consideration. *Id.* at \*2. The appellee argued that the appellant waived its objection to the assigned judge because the objection was "never presented" and "never ruled on." *Id.* at \*3. We held that the issue had not been waived and the assigned judge's disqualification was mandatory because the appellant had filed a timely objection to the assignment. *Id.* We further noted that "disqualification of a judge is a jurisdictional issue that cannot be waived." *Id.* (quoting *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012)). *St. Cosmas Corp.* is distinguishable from the cases discussed infra because it did not include affirmative acts of waiver by the objecting party, such as participating in a hearing so as to give the appearance of "sampling" the assigned judge's rulings. *See id.*

If a properly filed objection under this statute is timely, "the assigned judge's disqualification is automatic." *In re Canales*, 52 S.W.3d at 701; *see id.* § 74.053(b) (stating that "the judge shall not hear the case"); *Flores*, 932 S.W.2d at 501 ("When a party files a timely objection to an assigned judge under section 74.053 of the Texas Government Code, the assigned judge's disqualification is mandatory."); *see also In re Honea*, 415 S.W.3d 888, 890 (Tex. App.—Eastland 2013, orig. proceeding). The statute requires an immediate objection to an assigned judge to prevent parties from attempting to "sample" the judge before objecting. *In re Canales*, 52 S.W.3d at 703; *see Collins*, 574 S.W.3d at 45; *In re Approximately $17,239.00*, 129 S.W.3d at 168–69; *see also In Logic Sciences, Inc. v. Smith*, 798 S.W.2d 394, 395 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) ("To allow untimely objections such as this would encourage litigants to delay objections until they 'get a feeling' for how a judge is going to rule in a case—a situation the statute is designed to prevent."). Thus, a timely objection to a judge assigned under Chapter 74 of the Texas Government Code is automatically effective and any subsequent order rendered by the assigned judge is void. *In re Canales*, 52 S.W.3d at 701; *see also Greer*, 2020 WL 948368, at *2.

## IV. ANALYSIS

By one issue, Magnolia contends that the respondent erred by overruling its objection to his assignment. Flores urges that the respondent is not subject to an objection under § 74.053 because he is an active judge; that Magnolia's objection was not timely because the respondent had made a ruling in the case requiring Chateau's counsel to appear in person, rather than telephonically, at the hearing on the motion to recuse; and

9

that Chateau's request for relief should be attributed to Magnolia because they are aligned parties.

We first address whether the respondent was subject to an objection as an assigned judge under the government code. As stated previously, § 74.053 expressly provides that an "active judge assigned under this chapter is not subject to an objection." TEX. GOV'T CODE ANN. § 74.053(e). The government code defines an "active judge" as "a person who is a current judicial officeholder." *Id.* § 74.041(4). Here, the Presiding Judge of the Fifth Administrative Judicial Region assigned the respondent to determine the motion to recuse under Chapter 74. Her order designates the respondent as a "Senior Justice." There is no contrary evidence in the record. Accordingly, we conclude that the respondent was subject to a timely objection under the government code. *See id.*

Second, we determine whether Magnolia's objection to the respondent's assignment was timely. As stated previously, on January 24, 2020, the Presiding Judge of the Fifth Administrative Judicial Region signed the order assigning the respondent to determine Magnolia's motion to recuse; that same day, the respondent signed an "Order Setting Hearing on [Magnolia's] Motion to Recuse," which set that hearing to occur on January 31, 2020, at 10:00 a.m.; on January 29, 2020, the Presiding Judge's order of assignment was filed; on January 30, 2020, at 3:56 p.m., Magnolia filed its "Objection to Assignment." According to testimony presented at the hearing, Chateau had contacted the court coordinator sometime during the day on January 30, 2020 to request participation in the hearing by telephone.

The parties do not dispute that Magnolia's objection was filed "not later than the seventh day after the date that [it] receive[d] actual notice of the assignment." *Id.*

10

§74.053(c). The timeliness of the objection here hinges on whether it was filed "before the date the first hearing or trial, including pretrial hearings, commences." *Id.* We turn our attention to this language. In so doing, we note that our review is a matter of statutory construction. *See In re Hourani*, 20 S.W.3d 819, 821 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding); *Perkins v. Groff*, 936 S.W.2d 661, 664 (Tex. App.—Dallas 1996, writ denied).[5]

The government code expressly provides that the objection must be filed "before the date the first hearing or trial, including pretrial hearings, commences," which comports with the Texas Supreme Court's holding, construing the predecessor statute, that "[a]n objection to a judge assigned under Chapter 74 is timely if it is filed before the very first hearing or trial in the case, including pretrial hearings, over which the assigned judge is to preside." *In re Canales*, 52 S.W.3d at 704 (construing an earlier version of § 74.053). Accordingly, "[o]nce an assigned judge has heard any matter in a case, the parties have waived the right to object to that judge under section 74.053 of the Government Code." *Id.* Cases interpreting § 74.053 and its predecessor have used varying terminology in determining the timeliness of an objection when made in the context of trial court proceedings.[6]

---

[5] The Legislature amended § 74.053 and these changes, effective September 1, 2003, apply to this case. Act of May 27, 2003, 78th Leg., R.S., ch. 315, § 23, 2003 Tex. Sess. Law Serv. 1342 (amendments apply to cases pending or commenced on or after September 1, 2003). The former and current statutes allow parties to object to assigned judges by filing a timely objection. Act of May 27, 2003, 78th Leg., R.S., ch. 315, § 10, 2003 Tex. Sess. Law Serv. 1338 (codified at TEX. GOVT. CODE ANN. § 74.053(b)). In 2003, changes were made to this section defining when an objection is timely. Accordingly, we view cases decided prior to this date, which construe the statutory language, to be instructive but not controlling, and our focus remains, as it must, on the current statutory language.

[6] *See Dunn v. Street*, 938 S.W.2d 33, 34 (Tex. 1997) (orig. proceeding) (per curiam) ("The objection was timely because it was filed before the first hearing or trial over which Respondent was to preside."); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex. 1996) (orig. proceeding) (per curiam) ("The objection is timely if the party files it before the first hearing or trial over which the assigned judge is to preside."); *In re S.N.Z.*, 421 S.W.3d 899, 908 (Tex. App.—Dallas 2014, pet. denied) ("[W]e conclude Mother's objection was not

Here, we are called on to decide whether the respondent's out-of-court and ex parte action in denying a co-defendant's request to appear telephonically at a hearing constituted a pretrial hearing or other hearing within the context of the statute. There are several cases which specifically consider what type of judicial proceedings constitute "the first hearing or trial, including pretrial hearings," which would render an objection untimely under the code. In *Lee v. Bachus*, 900 S.W.2d 390, 392 (Tex. App.—Texarkana 1995, orig. proceeding), for instance, a party filed its objection to an assigned judge after the court had conducted a docket call for thirty-seven different cases, including the one at

timely because it was filed after the assigned judge had heard and ruled on motions filed by her."); *U. Lawrence Boze' & Assocs., P.C. v. Harris Cty. Appraisal Dist.*, 368 S.W.3d 17, 31 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (concluding that an objection was waived when not made "at any time before, during, or after the hearing"); *In re M.A.V.*, 40 S.W.3d 581, 584 (Tex. App.—San Antonio 2001, no pet.) ("Because the record does not indicate that either party made any formal requests or motions during that meeting, or that the trial judge ruled on the merits of any issue, we cannot assume that a hearing, as contemplated by section 74.053, was held before M.A.V. filed his motion."); *In re Hourani*, 20 S.W.3d 819, 823–24 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) (stating that "the trial court may not set a time for a section 74.053(b) objection that is inconsistent with the plain terms of the statute" and noting that an objection must be made "before the visiting judge takes action on the case" and the "window of opportunity terminates when the first hearing or trial 'over which the assigned judge is to preside' begins"); *Mercer v. Driver*, 923 S.W.2d 656, 658 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding) ("An objection under 74.053 is timely if it is made at any time before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial."); *Lee v. Bachus*, 900 S.W.2d 390, 391 (Tex. App.—Texarkana 1995, orig. proceeding) (holding that an objection filed before the assigned judge called the case to trial, but after docket call, was timely and stating that an "objection is timely if it is made before the first hearing or trial, including pretrial hearings, over which the judge is to preside" and the "objection must be made before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial"); *Amateur Athletic Found. of Los Angeles v. Hoffman*, 893 S.W.2d 602, 603 (Tex. App.—Dallas 1994, no writ) (holding that an objection is timely if made before the assigned judge, sitting on the bench and in open court, calls the case to hearing or to trial); *Garcia v. Emp'rs Ins. of Wausau*, 856 S.W.2d 507, 509 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (same); *Rubin v. Hoffman*, 843 S.W.2d 658, 659 (Tex. App.—Dallas 1992, no writ) (same); *Kellogg v. Martin*, 810 S.W.2d 302, 304 (Tex. App.—Texarkana 1991, orig. proceeding) (same); *Brown v. Mulanax*, 808 S.W.2d 718, 720 (Tex. App.—Tyler 1991, orig. proceeding) (same); *Lewis v. Leftwich*, 775 S.W.2d 848, 850–51 (Tex. App.—Dallas 1989, no writ) ("We hold that an objection to an assigned judge is timely, as a matter of law, if it is made before the assigned judge takes the bench to preside over any hearing, including pretrial hearings, or trial over which he is assigned to preside."); *see also In re Francisco*, No. 09-17-00346-CV, 2017 WL 4182319, at *1 (Tex. App.—Beaumont Sept. 18, 2017, orig. proceeding) (per curiam) (mem. op.) ("An objection is late if it is made after the assigned judge makes any ruling in the case."); *Pavecon, Inc. v. Liese*, No. 05-01-01389-CV, 2002 WL 1895436, at *1 (Tex. App.—Dallas Aug. 19, 2002, no pet.) (mem. op.) (concluding that a docket call or ministerial proceedings did not constitute a "ruling" within the scope of the statute and the objection was not waived where there was no "motion, consideration, or ruling on any affirmative issue before the objection was filed").

12

issue. *Id.* at 391. The court concluded that the docket call did not constitute a pretrial hearing, a hearing, or trial as those terms are used within § 74.053. *Id.* Thus, there, the party's objection to the assignment was not waived by appearing at a docket call. *Id.*

In *Lewis v. Leftwich*, 775 S.W.2d 848 (Tex. App.—Dallas 1989, no writ), the Dallas Court of Appeals rejected an argument that an objection was untimely when it was made after the court coordinator telephoned counsel to advise them that the case had been called for trial and that an assigned judge would hear the case. *Id.* at 848–51. The court acknowledged that Lewis had tendered his objection prior to appearing before the assigned judge and concluded that "the court coordinator's telephone call is without significance" in its analysis regarding timeliness. *Id.* at 849. The court stated that "[s]uch a telephone call simply advises the parties that a case is tentatively set for trial; it is notice that a case is being called for trial. It is not the same thing, however, as a case being called to trial by a judge who has taken the bench." *Id.*; *see also Pavecon, Inc. v. Liese*, No. 05-01-01389-CV, 2002 WL 1895436, at *1 (Tex. App.—Dallas Aug. 19, 2002, no pet.) (mem. op.) (noting that neither a docket call nor a trial court's ministerial action in recessing a hearing to allow a party's appearance is a "ruling" and stating that "[w]e do not believe that when the statute speaks of a 'hearing,' or when cases speak of a 'ruling,' they contemplate this kind of administrative synchronization of trial participants").

In *Perkins v. Groff*, the Dallas Court of Appeals subsequently considered "whether an objection is timely within the meaning of § 74.053 if it is lodged after the assigned judge considers a party's requests for relief and makes rulings in the case, but does so without receiving oral argument from counsel while sitting on the bench in open court." 936 S.W.2d at 664. There, Perkins lodged his objection to the assigned judge before the

first hearing in open court, but after the assigned judge had considered and ruled on two of Perkins' motions. *Id.* at 663–64. The court concluded "that section 74.053 requires an objection before the assigned judge makes any rulings in the case, even if not in open court." *Id.* at 664. In so ruling, the Dallas court surveyed numerous cases and clarified its holding in *Lewis*. *Id.* at 664–67. The court held:

> [W]hen a party files a motion requesting affirmative relief and the judge considers the merits of the arguments and rules on the matter, there has been a hearing within the meaning of section 74.053. The statute contemplates a presentation of argument accompanied by judicial examination and a ruling. To constitute a "hearing," oral argument is not necessary. Further, a "hearing" need not take place in a courtroom while the assigned judge sits on the bench in the presence of counsel. . . . We consider this to be the just and reasonable result intended by the legislature when it enacted section 74.053.

*Id.* at 666.[7]

The San Antonio Court of Appeals rejected an argument that participation in an in-chambers conference waived a party's objection to an assigned judge. *In re M.A.V.*, 40 S.W.3d 581, 584 (Tex. App.—San Antonio 2001, no pet.). There, the parties and the assigned judge had engaged in a conference in chambers regarding whether the defendant wished to raise a competency issue at trial, and the assigned judge instructed the defendant that if he wanted to raise such an issue, he should file the required documents by certain date. *Id.* at 583–84. The defendant subsequently filed an objection to the assigned judge. *Id.* at 584. At the hearing held thereafter, the assigned judge and the State took the position that the in chambers meeting constituted a hearing, with

---

[7] The Texas Supreme Court held in *Gulf Coast Investment Corp. v. Nasa 1 Business Center.*, 754 S.W.2d 152 (Tex. 1988) (per curiam), that "[u]nless required by the express language or the context of the particular rule, . . . the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Id.* at 153; *see also Enriquez v. Livingston*, 400 S.W.3d 610, 616 (Tex. App.—Austin 2013, pet. denied).

accompanying ruling, which would render the defendant's objection to the assignment untimely. *Id.* The San Antonio court rejected this argument: "Because the record does not indicate that either party made any formal requests or motions during that meeting, or that the trial judge ruled on the merits of any issue, we cannot assume that a hearing, as contemplated by section 74.053, was held before M.A.V. filed his motion." *Id.* The court thus held that the defendant's objection was timely. *Id.*

Based on the foregoing, we conclude that the sequence of events at issue here—Chateau's request to the court coordinator and the respondent's instruction to appear in person—did not constitute a pretrial hearing or other hearing within the context of § 74.053(c) which would have rendered Magnolia's objection as untimely. While a hearing need not occur in open court, and a ruling need not be made from the bench, the actions here did not arise from a party's filed motion, include the presentation of argument, or necessitate a judicial examination and a ruling. *See, e.g.*, *In re M.A.V.*, 40 S.W.3d at 584; *Perkins*, 936 S.W.2d at 664. Rather, these events are more properly characterized as out-of-court administrative matters occurring in preparation for a hearing. *See, e.g.*, *Lewis*, 775 S.W.2d at 849–50; *see also Pavecon, Inc.*, 2002 WL 1895436, at *1.

We next address the argument that Chateau's ex parte request to the court coordinator to allow its participation by telephone waived Magnolia's objection to the assignment. As stated previously, Flores argues that the respondent acted within its discretion in determining that Chateau and Magnolia were aligned parties. Under § 74.053, a "party" is defined as to include "multiple parties aligned in a case as determined by the presiding judge." TEX. GOV'T CODE ANN. § 74.053(g). We reject this argument. The discretion to determine alignment is vested in the presiding judge, not the

15

assigned judge. *See id.* Moreover, this issue was not raised in the hearing below and there is nothing in the record suggesting that any such finding was made. Further, case law rejects the concept that an ex parte contact by a fellow party can operate to waive another party's objection to the assignment. *See In re Cuban*, 24 S.W.3d 381, 383 (Tex. App.—Dallas 2000, orig. proceeding) ("The first hearing before [the assigned judge] was ex parte. Cuban cannot be held to have waived his objection to [the assigned judge] because Cuban did not file it before a hearing was conducted without notice to him. To hold otherwise would render meaningless the right to object."); *see also In re M.A.S.*, No. 05-03-00401-CV, 2005 WL 1039967, at *1 (Tex. App.—Dallas May 5, 2005, no pet.) (mem. op.).

Based on the foregoing analysis, Magnolia's objection to the respondent's assignment was timely. Therefore, the respondent's disqualification was automatic. *See* TEX. GOV'T CODE ANN. § 74.053(b); *In re Canales*, 52 S.W.3d at 701; *Flores*, 932 S.W.2d at 501. Further, Magnolia need not show that it lacks an adequate remedy by appeal to be entitled to mandamus relief. *See Dunn*, 938 S.W.2d at 34; *Flores*, 932 S.W.2d at 501. We sustain Magnolia's sole issue.

## V.   CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the responses filed by Flores and Kingman, and the applicable law, is of the opinion that Magnolia has met its burden to obtain mandamus relief. Magnolia's objection was timely, and the respondent's disqualification was automatic. *See In re Canales*, 52 S.W.3d at 701. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until

16

the case is finally decided."). We conditionally grant the petition for writ of mandamus and direct the respondent to vacate the orders, if any, that it has issued subsequent to the objection and to withdraw from any further proceedings in this matter. Our writ will issue only if the respondent fails to comply.

DORI CONTRERAS
Chief Justice

Delivered and filed the
14th day of April, 2020.