ACCEPTED
04-15-00127-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/22/2015 7:45:02 AM
KEITH HOTTLE
CLERK

**No. 04-15-00127-CV**
_____

IN THE COURT OF APPEALS OF TEXAS
FOURTH JUDICIAL DISTRICT
SAN ANTONIO, TEXAS
_____

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

06/22/2015 7:45:02 AM

KEITH E. HOTTLE
Clerk

# EL CABALLERO RANCH, INC. and LAREDO MARINE, L.L.C.,

*Appellants/Defendants,*

vs.

# GRACE RIVER RANCH, L.L.C.,

*Appellee/Plaintiff.*
_____

FROM THE 218TH JUDICIAL DISTRICT, LA SALLE COUNTY,
CAUSE NO. 13-04-00108-CVL, HON. STELLA SAXON, PRESIDING
_____

**APPELLANTS' RESPONSE TO APPELLEE'S MOTION TO DISMISS**

Kimberly S. Keller
SBN: 24014182
Shane Stolarczyk
SBN: 24033242
KELLER STOLARCZYK PLLC
234 West Bandera Rd #120
Boerne, Texas 78006
Tele: 830.981.5000
Facs: 888.293.8580

*Attorneys for Appellants*

1

## ARGUMENT OPPOSING MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellants (Defendants below) El Caballero Ranch, Inc. and Laredo Marine, LLC, file this response to the motion to dismiss filed by Appellees (Plaintiff below) Grace River Ranch, L.L.C. This Court should summarily deny the motion to dismiss for the following reasons:

## INTRODUCTION

The appeal before this Court is a statutorily-authorized interlocutory appeal of a temporary injunction granted against Appellants. [1] In the underlying case, Grace River Ranch sued Appellants claiming the existence of private and public easements across Appellants' ranches. *App.A* at 2. [2] In 2013, Grace River moved for partial summary judgment as to the existence of an easement (and as to some of Appellants' affirmative defenses). *Id.*

---

[1]This Court has jurisdiction under TEX. GOV'T CODE ANN. § 51.014(a)(4): "A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that: (4) grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65." *See also Lightning Oil Company v. Anadarko E & P Onshore, LLC,* No. 04-14-00152-CV, 2014 WL 5463956 (Tex. App. – San Antonio 2014, pet. filed) (affirming denial of temporary injunction because party failed to prove imminent and irreparable injury).

[2]References to Appendices ("App.") throughout this Response are references to the Appendices attached to Appellant's Brief and Appendix, filed with this Court on April 29, 2015.

Judge Saxon granted the partial summary judgment and ordered that the ruling regarding the validity of the easements was immediately enforceable. *App.A* at 2-3. Thus, Judge Saxon ordered Appellants to give Grace River immediate access to their ranches so Grace River could build a concrete bridge over the low water crossing that passes between Appellants' ranches. *Id.*

Appellants sought mandamus relief from this Court. *App.A* (this Court's November 24, 2014 Mandamus Opinion). This Court agreed with Appellants and held that Judge Saxon had abused her discretion by making an interlocutory ruling immediately enforceable. *Id.* at 5-6. This Court held it to be an abuse of discretion to give Grace River immediate access to Appellants' land in light of the interlocutory nature of the partial summary judgment order. *Id.* This Court held that Appellants' would suffer an irreparable injury because immediate enforcement of the interlocutory ruling divested Appellants of their supersedeas rights and allowing Grace River access would permanently change the nature of Appellants' land. *Id.* Judge Saxon complied with this Court's mandamus ruling and struck the "immediately enforceable"

language from the partial summary judgment order on December 3, 2014.

In 2014, Grace River filed a second motion for partial summary judgment. This motion sought declarations related to Appellants' affirmative defense of adverse possession. Judge Saxon, who was about to retire, presided over the summary judgment hearing. Shortly before her retirement, she circulated a letter to the parties stating that she was granting Grace River's summary judgment motion. *App.F* (Judge Saxon's letter ruling).

In January 2015, after Judge Saxon retired, Grace River filed a motion to enter an order on its second partial summary judgment motion. *App.G.* Judge Peeples assigned now-retired Judge Saxon to preside over the case as a visiting judge. Appellants objected to Judge Saxon. TEX. GOV'T CODE ANN. § 74.053(b) (objected-to visiting judge "shall not hear the case"). Judge Saxon overruled Appellants' objection and sat for the hearing.

At the hearing on the entry of the summary judgment order, Grace River sought new relief, *i.e.,* a temporary injunction. *App.G.* at Exh.B (Grace River's proposed order, filed as an attachment to its motion to enter, that seeks temporary injunctive relief in addition to

summary judgment relief). Appellants objected to Grace River's newly-requested injunctive relief, arguing this request fell outside the scope of the summary judgment proceeding presided over by Judge Saxon pre-retirement. Judge Saxon overruled Appellants' objection and granted Grace River temporary injunctive relief, ordering Appellants to allow Grace River immediate access to Appellants' ranches. *App.B.*

Since that ruling, La Salle County has filed an affirmative pleading with Judge Saxon, contending that it was improper for her to declare the existence of a public road absent participation in the proceeding by the County. (5CR298) (complaining the summary judgment recitals regarding the existence of a public road were handed down without participation by the County and "thus the pronouncement quoted above should be stricken"). La Salle County has asked that Judge Saxon, at a minimum, strike the portion of the summary judgment orders declaring the existence of a public road. *Id.* Appellants filed an appeal to this Court to challenge Judge Saxon's temporary injunction ruling. *App.H.*

After Appellants filed their interlocutory appeal to challenge the trial court's grant of a temporary injunction to Grace River,

Grace River has asked the trial court to sever the summary judgment motions (one of which contains the improperly granted temporary injunction) into a separate cause from Grace River's unresolved claims for damages and attorney's fees (all related to Grace River's contention that an easement exists across Appellant's ranches). (2SCR110). Also, Grace River has filed responsive briefing to this Court in this interlocutory appeal and also filed a motion to dismiss for lack of jurisdiction, claiming the injunction granted was *permanent*, not *temporary*. This Court should summarily deny Grace River's request for dismissal for the following reasons:

**ARGUMENT OPPOSING GRACE RIVER'S MOTION TO DISMISS**

Grace River's motion to dismiss is disingenuous. Grace River specifically requested the trial court grant it a *temporary* injunction. During the temporary injunction hearing (held on March 3, 2015), Grace River argued to the trial court that it should grant it a "temporary injunction" and cited to the trial court case law regarding the grant of a *temporary* injunction. Then, after the trial court listened to Grace River's arguments and authority about temporary injunctive relief, the trial court ruled from the bench that it was giving Grace River "your injunctive relief." (RR 20-21). For

6

Grace River to now, in an attempt to avoid the jurisdiction of this Court, relabel the granted injunction as *permanent* instead of *temporary* is yet another example of Grace River's continued playing fast and loose with the judicial system in the underlying case.

**A.** ***Grace River specifically asked for a temporary injunction at the temporary injunction hearing.***

To avoid the jurisdiction of this Court, Grace River contends the injunction that was granted (and now challenged on appeal) is permanent, as opposed to temporary. *Mot.* at 20-22. Yet, Grace River's own statements at the hearing belie this contention. At the March 3, 2015 hearing, Grace River did not ask for a permanent injunction. Instead, Grace River used only the term "temporary injunction" when asking the trial court for injunctive relief:

- "So a ***temporary injunction*** is very appropriate to enforce the right to use that easement," (RR 11);

- "And I have briefed that for the Court that – the cases that have some heartburn about issuing a ***temporary injunction*** with an easement all have to do with a case where there is no up or down determination by the court yet  of the existence of easements," (RR 12);

- "But, even if that were true, then a ***temporary injunction*** would be appropriate according to the cases . . . ," (RR 12);

- "One last authority, Your Honor, and that's the AIMCO Properties L.P. versus Time Warner Entertainment, the exact situation we have here where a ***temporary injunction*** is sought to allow the use of the easement," (RR 15);

- "The court went on to say that because Time Warner had demonstrated a probable right of an easement then the ***temporary injunction*** would be issued. The Court recognized, as [opposing counsel] does, that the purpose of a ***temporary injunction*** was to preserve the status quo. And the status quo the Court determined is, as we have all heard many times, the last actual peaceable, non-contested status before the controversy arose. . . . That's exactly what we have here," (RR 15-16);

- "Well, injunctive relief is not a theory of recovery. It's a remedy. So you don't seek summary judgment to get a ***temporary injunction.*** You seek it on the remedy that you are proposing and then you get the remedy to enforce that right," (RR 19).

This language – Grace River's language -- made clear to the trial court and all parties that Grace River sought a *temporary,* not permanent injunction.

Indeed, the trial court is precluded from granting more than the relief requested. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 200 (Tex. 2001) ("A judgment that grants more relief than a party is entitled to is subject to reversal"). Here, Grace River asked for a *temporary* injunction and the trial court granted Grace River the requested relief. To do otherwise would constitute reversible error. *Id.*

**B.** ***The authority cited by Grace River to the trial court regarded a temporary, not permanent, injunction.***

To the trial court (and to this Court, *see Br.* at 47), Grace River cited *AIMCO Props. L.P. v. Time Warner Entertainment-Advanced,* No. 03-97-00340-CV, 1997 WL 590675 (Tex. App. – Austin 1997, no writ) (unpublished). This case involves an appellate challenge to a *temporary* injunction. *Id.* The appellate court considered the elements of proof necessary to entitle a party to a temporary injunction in a case involving a dispute about the existence of an easement. *Id.* The appellate court sided with the requesting party

and affirmed the trial court's grant of a temporary injunction. *Id.* Thus, once again, Grace River's argument to the trial court and citation of authority to the trial court belie its contention on appeal that the injunction granted was permanent.

**C.** ***The trial court ruled from the bench that she was granting Grace River "its injunctive relief."***

After Grace River's arguments, wherein Grace River argues to the trial court that a ***temporary injunction*** was appropriate and should be granted, the trial court issued its ruling from the bench. Specifically, the trial court stated:

> And I'm going to go ahead and sign a judgment – partial summary judgment granting the relief requested. I'm going to give you ***your injunctive relief.***

(RR 20-21). So, the record makes abundantly clear that Grace River asked the trial court for a *temporary* injunction, and the trial court obliged by granting Grace River the requested injunctive relief. *Id.*

**D.** ***This Court's mandamus ruling implies a holding that the injunction granted was temporary, not permanent.***

At the same time they filed this interlocutory appeal, Appellants also filed an original proceeding. No. 04-15-00138-CV, *In re El Caballero Ranch, Inc.* (filed March 12, 2015). In that original

10

proceeding, Appellants contended mandamus relief was warranted because the temporary injunction entered was void on its face.[3]

Justices Barnard, Alvarez, and Pulliam presided over the original proceeding and determined that mandamus relief was not warranted. No. 04-15-00138-CV, *Order of this Court, March 12, 2015.* Appellants contend that this Court denied mandamus relief because it held Appellants had an adequate remedy on appeal by way of the simultaneously-filed interlocutory appeal of the temporary injunction. The denial of mandamus relief would not have occurred if this Court determined the challenged order was a *permanent,* not temporary. In fact, if the injunction entered was permanent, then Appellants would not have a right to an interlocutory appeal and mandamus relief would be warranted.

## CONCLUSION

Appellants respectfully request this Court deny Grace River's motion to dismiss. Appellants also ask this Court to reverse the temporary injunction as void and order the trial court to dissolve it. Alternatively, Appellants request this Court sustain their merits-

---

[3] *In re M.A.V.,* 40 S.W.3d 581, 584 (Tex. App. – San Antonio 2001) (orig. proc.); *In re Torch Energy Marketing, Inc.,* 989 S.W.2d 20, 22 (Tex. App. – San Antonio 1998) (orig. proc.).

11

based challenges and reverse the temporary injunction for those reasons. Also, should this Court determine that, despite the language used by the trial court, the injunctive relief granted in relation to the public road constitutes a temporary, not permanent, injunction, Appellants ask this Court set aside such injunctive relief for the same reason it sets aside the temporary injunctive relief granted related to the private easement. Additionally, Appellants request this Court grant all other relief to which they are entitled to under equity and law.

Respectfully submitted,

KELLER STOLARCZYK, PLLC
234 West Bandera Road #120
Boerne, Texas  78006
Tele: 830.981.5000
Facs: 888.293.8580
/s/Kimberly S. Keller
Kimberly S. Keller
SBN: 24014182
kim@kellsto.com

Annalyn G. Smith
SBN: 18532500
asmith@sr-llp.com
SCHMOYER REINHARD, LLP
17806 IH 10 West,
Suite 400
San Antonio, Texas 78257
Tele:  210.447.8033
Facs:  210.4478033

COUNSEL FOR APPELLANTS

## CERTIFICATE OF SERVICE

I certify Appellants' Response was served, on June 22, 2015, on the following via e-service/email or first class mail:

Steven C. Haley
MOORMAN, TATE, URQUHART, HALEY, UPCHURCH & YATES, L.L. P.
207 East Main Street
P. O. Box 1808
Brenham, Texas 77834-1808

John H. Patterson, Jr.
MONTEZ & PATTERSON
508 Thorton, Suite 4
Cotulla, Texas 78014
*Counsel for Grace River Ranch*

Donato D. Ramos & Donato D Ramos, Jr.
LAW OFFICES OF DONATO D. RAMOS
6721 McPherson
P.O. Box 452009
Laredo, Texas 78045
*Counsel for County of La Salle*

/s/Kimberly S. Keller
Kimberly S. Keller

.